[No. 7622.   Decided February 9, 1909.]

J. A. SUMPTER, *Respondent*, v. H. A. BURNHAM *et al.*, *Appellants.*[1]

PLEADING—ANSWER—DENIAL ON INFORMATION. A denial, on information and belief, as to the filing of a lien notice in the county auditor's office is insufficient.

LOGS AND LOGGING—LIENS—PLEADING—ANSWER—ADMISSIONS—ISSUES AND PROOF. In an action to foreclose a logger's lien, an answer setting up a tender "at the time of the filing of the lien" and plaintiff's failure to make a demand before such filing, dispenses with plaintiff's proof of the filing of the lien, which defendant had denied on information and belief.

SAME—FORECLOSURE—COSTS—DEMAND BEFORE SUIT—STATUTES— CONSTRUCTION. Under Laws 1899, p. 143, which forbids costs to holders of logger's liens who begin suit before demand for payment, unless the court shall find that the claimants had reasonable ground to believe that the owner was attempting to defraud the claimant, a demand before the filing of the lien will entitle the claimant to costs.

Appeal from a judgment of the superior court for Thurston county, Linn, J., entered May 4, 1908, upon findings in favor of the plaintiff, after a trial before the court without a jury, in an action to foreclose a logger's lien. Affirmed.

*Troy & Sturdevant*, for appellants.

*P. C. Kibbe*, for respondent.

[1]Reported in 99 Pac. 752.

RUDKIN, C. J.—This action was instituted to foreclose a logger's lien. From a judgment in favor of the plaintiff, the defendants have appealed, assigning the following errors as grounds for reversal: (1) Error in granting judgment of foreclosure, because the lien claim was denied in the answer and the respondent offered no proof of its execution or filing; (2) error in awarding the respondent costs of foreclosure, because no demand for payment was made after the filing of the lien claim and before suit; and (3) error in refusing to find that the appellants tendered the full amount due before the action was commenced.

(1) The complaint in its sixth paragraph alleged the filing of the lien notice in the office of the county auditor of Thurston county, setting forth a copy. The answer denied this allegation on information and belief; but "A party cannot plead ignorance of a public record to which he has access, and which affords him all the means of information necessary to obtain positive knowledge of the fact." 1. Ency. Plead. & Prac., p. 813, and cases cited. *Mulcahy v. Buckley*, 100 Cal. 484, 35 Pac. 144. Furthermore, the answer alleged affirmatively "that at or about the time of the commencement of the above entitled action and the filing of the lien herein, the defendant H. A. Burnham tendered to the plaintiff $66.60, the total amount due said plaintiff, which tender was refused by the said plaintiff." Also, "that the plaintiff at no time made any demand on the defendant . . . subsequent to the filing of the lien claim and prior to the commencement of the above entitled action." Under these pleadings a formal tender of the lien notice in evidence was unnecessary, especially in view of the fact that no specific objection to the absence of such proof was made until after a decision in the case was announced.

(2) The second assignment of error is based on § 1 of the act of March 13, 1899, Laws of 1899, p. 143, which reads in part as follows:

"That in no action brought under the provisions of this act shall costs be allowed lien holders unless a demand had been made for payment of his lien claim before commencement of suit, unless the court shall find the claimants at time of bringing action had reasonable grounds to believe that the owner or the person having control of the property upon which such lien is claimed was attempting to defraud such claimant, or prevent the collection of such lien."

The manifest purpose of this section is to enable parties against whom liens may be asserted to settle the claims before being mulcted in costs, and a demand before filing the lien notice will subserve the same purpose as a demand made at a later day. True, the statute uses the terms "lien holder" and "lien claimant" but in a general sense a party who holds a lienable claim is a lien claimant, and a claim that may be perfected by filing a proper notice under the statute is a lien claim. We think the construction placed on this section by the court below is in accordance with its spirit and does no violence to its letter.

The last assignment presents a question of fact upon which the testimony is conflicting, and we see no reason why we should disturb the finding of the court below. There is no error in the record, and the judgment is affirmed.

CHADWICK, FULLERTON, CROW, and MOUNT, JJ., concur.