[No. 10434. Department Two. June 20, 1912.]

BELKNAP GLASS COMPANY, *Respondent*, v. ROBERT
BROWN *et al.*, *Appellants*.[1]

MECHANICS' LIENS—CONTRACT—SUBSTANTIAL PERFORMANCE. There
is a substantial performance of a contract for the plate glass for a
large building, entitling the contractor to a mechanics' lien, where
only two plates, of the value of $30, were faulty, and plaintiff
offered to replace them or make a proper deduction.

PLEADING—DENIAL OF INFORMATION—MATTERS OF RECORD. A de-
nial on information and belief that a mechanics' lien notice had been
filed and recorded is insufficient to raise any issue thereon.

Appeal from a judgment of the superior court for King
county, Dykeman, J., entered January 13, 1912, upon find-
ings in favor of the plaintiff, in an action to foreclose a
mechanics' lien. Affirmed.

*William W. Wilshire*, for appellants.

*Gates & Emery*, for respondent.

MOUNT, J.—Plaintiff brought this action to foreclose a
lien for labor and material furnished in the construction of
a building for the defendants. The defense was that the
plaintiff had not performed the contract. Defendants asked
for damages on that account. The trial court found that
the contract had been substantially performed, but deducted
$30 from the contract price on account of two plates of
glass which were conceded to be defective, and entered a
decree foreclosing a lien for $432, with interest and costs,
and also $50 attorney's fee, for the plaintiff. The defend-
ants have appealed, and argue that the court erred in find-
ing that the contract had been substantially performed, and
in permitting the lien notice to be received in evidence.

It appears that defendant Brown was constructing a large
building, in Seattle, for the other two defendants. In July,

[1]Reported in 124 Pac. 390.

1911, Mr. Brown entered into a written contract with the plaintiff, whereby the plaintiff agreed to furnish and set into the building a stated number of plate glass of specified sizes, for the price of $462. The written contract does not specify the quality of the glass, but it was conceded that the glass was represented to be first class. After the glass was set in the building, Mr. Brown objected to a number of plates because they were scratched and contained bubbles and other imperfections. Mr. Belknap, of the plaintiff company, examined the glass with Mr. Brown, and agreed that two of the plates were not proper, and offered to replace those plates. Mr. Brown insisted that, unless a number of other plates were replaced, the work and materials would not be accepted. Plaintiff company thereupon filed a lien and brought this action.

The main question in the case was whether the glass was first-class glass or not. The evidence of experts who examined the glass after it was set was absolutely conflicting. It is admitted that two of the plates were not first class, but that the plaintiff offered to replace these or to make a deduction of their value, which was shown to be $15 each. But as to a number of the other plates, the testimony of the witnesses cannot be harmonized. During the trial, the judge, at the invitation of defendants' counsel, personally examined the glass, and in deciding the case, said:

"But after a careful examination of the premises, the court finds that the job is substantially a good job with the exception of those two windows in controversy. Even, I think, the statement was made in open court if the work had been as satisfactory as the one light subsequent to that time put in by Fuller & Company, that there would be no complaint. While I failed to see any scratches on the one light put in by Fuller & Co., it contains some globules or bubbles as the other one does, and it necessitated a pretty close examination to find the defects claimed. . . . It occurs to the court that there has been a substantial compliance with the terms of the contract . . . and if the two plates, ad-

mitted to be objectionable, had been as good as the rest were, I would consider it a complete performance."

After a careful reading of the record, we think the trial court arrived at the correct conclusion.

Counsel for the appellant argues that the glass was salvage glass; that is, glass which had previously been used in other buildings; that it was scratched and imperfect. There is some evidence upon which to base this argument, but not enough to justify a reversal of the trial court in the face of competent evidence that the glass was first-class glass. Two of the plates were faulty, but the plaintiff offered to replace these. The defendants, however, refused to accept the work when this was done. The court made a just deduction for these, which was no doubt right.

When the original lien claim was offered in evidence, defendants' counsel objected, upon the ground that it was incompetent, irrelevant, and immaterial. It is conceded that the original contained an indorsement by the county auditor that it had been filed and recorded in his office. It is now argued that the lien claim is incompetent because it contained no certificate of the county auditor that it was filed and recorded in his office. The allegations in the complaint in regard to the filing of this lien claim were denied upon information and belief only. We held in *Sumpter v. Burnham*, 51 Wash. 599, 99 Pac. 752, that this kind of a denial was insufficient. No issue was, therefore, made by the pleadings or at the trial upon the fact that the lien notice was properly filed and recorded.

We find no error. The judgment is therefore affirmed.

Ellis and Morris, JJ., concur.