[No. 11958. Department Two. September 15, 1914.]

L. H. WHITE, *Respondent,* v. A. C. JANSEN, *as Sheriff etc., et al., Appellants.*[1]

FALSE IMPRISONMENT—PROBABLE CAUSE—JUSTIFICATION. The existence of probable cause justifies an officer in making an arrest, even of the wrong person.

SAME—PROBABLE CAUSE—DEFINITION—INSTRUCTIONS. In an action for false imprisonment, the court sufficiently complied with defendant's requested definition that probable cause is "a reasonable ground of suspicion, supported by circumstances, sufficiently strong in themselves to warrant a cautious man in the belief that the plaintiff was guilty," where the court charged that "the sole question for you to determine is whether or not in arresting the plaintiff the defendant had reasonable grounds for believing, and did believe, that the plaintiff had committed the felony charged in the information; if he did have such reasonable grounds for so believing, and did believe . . . he is not liable."

SAME—PROBABLE CAUSE—ELEMENTS—QUESTION FOR JURY. In an action for false imprisonment, an instruction reciting that "the sole question for you to determine is whether or not in arresting the plaintiff the defendant had reasonable grounds for believing, and did believe, that the plaintiff had committed the felony charged in

[1]Reported in 142 Pac. 1140.

the information," sufficiently sets forth the only element of probable cause necessary to be considered by the jury, namely, whether or not the sheriff used due diligence in identifying the plaintiff, it not being claimed upon the trial that the John Doe warrant was not sufficient, or that the description which the sheriff had of the accused did not apply to the plaintiff, it being shown that the sheriff made the arrest after a suggestion from the officer assisting him that plaintiff was not the man wanted, that he had been around the city for a period of 14 years and was well known, and that the sheriff ought to get some evidence of his identification before making the arrest.

TRIAL—MISCONDUCT OF JUDGE—COMMENT ON EVIDENCE. In an action against a sheriff for false imprisonment, a statement in the instructions that it was admitted in the case that the plaintiff did not commit the felony charged in the information upon which the warrant was issued, is not prejudicial as a comment on the facts, where there was no issue upon the trial whether the plaintiff was the person charged or not, the sole issue being whether the sheriff believed, or had reasonable grounds for believing, that plaintiff was the man, and it was clearly admitted upon the trial that plaintiff was not the man charged in the information, it not being error for the court to state an uncontroverted fact.

PLEADING—ANSWER—DENIAL ON INFORMATION. A denial on information and belief of an allegation that leave had been obtained by order of the superior court to sue upon the official bond of a sheriff is insufficient, as the order was a public document.

EVIDENCE—JUDICIAL NOTICE—PUBLIC RECORDS. The trial court will take judicial notice of an order granting leave to sue upon the official bond of a sheriff, it being a part of the court records.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered October 14, 1913, upon the verdict of a jury rendered in favor of the plaintiff, in an action for false imprisonment. Affirmed.

*John Truax & W. O. Miller*, for appellant Jansen.

*Frederick W. Dewart*, for appellant Title Guaranty & Surety Co.

*McWilliams, Weller & McWilliams*, for respondent.

MOUNT, J.—The plaintiff brought this action to recover damages against the sheriff of Adams county, and the surety upon his official bond, on account of alleged false arrest and

imprisonment. The defendants have appealed from a judgment in favor of the plaintiff.

It appears that, in the year 1910, some horses were stolen in Adams county. An information was filed by the prosecuting attorney accusing "John Doe" of the theft. A warrant was issued upon this information, and placed in the hands of the sheriff to apprehend the accused. The sheriff thereafter discovered one of the stolen horses in the city of Spokane. He also found a man there who answered the description of the accused. At the time of the arrest in Spokane county, the sheriff was accompanied by a police officer who knew the plaintiff. This police officer informed the sheriff that he had known the plaintiff for a period of about 14 years; that he had resided in Spokane during that time; and that the sheriff had better get some other identification of the man than he then had before making the arrest. The sheriff, however, made the arrest and took the plaintiff to Ritzville, in Adams county, where the plaintiff was kept over night in jail. The next morning, after consultation between the sheriff, the plaintiff and the prosecuting attorney of that county, the plaintiff was released, and the sheriff paid his fare back to the city of Spokane. Thereafter the plaintiff brought this action.

At the trial, the court instructed the jury as follows:

"The arrest was made on what is known as a John Doe warrant, upon which kind of a warrant an officer is authorized to arrest the person guilty of the offense charged in the information upon which such warrant is issued. If, however, by virtue of such warrant he arrests a person who did not commit the felony, he will be liable to the person so arrested in damages, unless he had reasonable grounds for believing, and does believe, that the person whom he arrests is the person who committed the felony. It is admitted in this case that the plaintiff did not commit the felony charged in the information, upon which the warrant in question was issued. Therefore, the sole question for you to determine is whether or not in arresting the plaintiff the defendant had reasonable grounds for believing, and did believe, that the plaintiff

had committed the felony charged in the information. If he did have such reasonable grounds for so believing that the plaintiff committed the felony charged in the information upon which the warrant was issued, and did so believe, he is not liable in this action. If, on the other hand, he did not have reasonable grounds for believing that the plaintiff was the man who committed the felony charged in the information upon which the warrant was issued, or if he did not believe the plaintiff was such man, then he is liable in damage to plaintiff.

"What would be reasonable grounds for believing that plaintiff was the man who committed the felony charged in the information in question is to be determined by you, and in determining that question you should determine whether or not the defendant exercised reasonable care and prudence in ascertaining whether the plaintiff had committed the crime charged or not, and whether he used such methods of investigating the same as a reasonably prudent officer would use under the same circumstances in ascertaining that fact, and whether under the facts so ascertained a reasonably prudent officer would make the arrest; and if you find from the evidence that a reasonably prudent officer, having the knowledge at hand and the means of knowledge at hand that the defendant had, would not before making such arrest have made any further investigation to ascertain whether or not the plaintiff committed the crime charged and would have arrested the plaintiff under the same circumstances as did the defendant, then your verdict should be for the defendant. On the other hand, if you find that a reasonably prudent officer would not have arrested the plaintiff under the circumstances as disclosed by the evidence, without making further investigation as to whether or not the plaintiff was the individual who committed the crime charged, then your verdict should be for the plaintiff."

It is argued by the appellants that these instructions are erroneous in several particulars which will be noticed. The appellants contend that the decided weight of authority is to the effect that the existence of probable cause is a justification when the wrong person has been arrested by a sheriff. And then argue that it was the duty of the court to give a requested instruction which defines probable cause. We

think there can be no doubt about the rule as stated, that where the arresting officer has probable cause, he is justified in making the arrest, even of the wrong person. It is clear to us that the instruction given correctly defines probable cause. The definition as contended for by the appellant is stated in *Rich v. McInerny*, 103 Ala. 345, 15 South. 663, 49 Am. St. 32, as follows:

"A reasonable ground of suspicion, supported by circumstances, sufficiently strong in themselves to warrant a cautious man in the belief that the plaintiff was guilty."

We think this definition was met by the court when he stated to the jury:

"Therefore the sole question for you to determine is whether or not in arresting the plaintiff the defendant had reasonable grounds for believing, and did believe, that the plaintiff had committed the felony charged in the information. If he did have such reasonable grounds for so believing that the plaintiff committed the felony charged in the information upon which the warrant was issued and did so believe, he is not liable in this action."

This statement is of itself a definition of probable cause as above defined, because it directly told the jury that if the sheriff had reasonable grounds for believing, and did believe, that the respondent committed the crime charged in the information, he was not liable for making the arrest.

The appellants next argue that it was the duty of the court to name to the jury the elements necessary to constitute probable cause. It was not claimed upon the trial that the John Doe warrant was not sufficient, or that the description which the sheriff had of the accused did not apply to the respondent; but the contention was that the sheriff did not use diligence in identifying the respondent. The court very properly told the jury that this was the only question for them to determine, when he said:

"The sole question for you to determine is whether or not in arresting the plaintiff the defendant had reasonable

grounds for believing, and did believe, that the plaintiff had committed the felony charged in the information."

This was the principal question in the case upon the evidence. We have no doubt that if the sheriff had obtained a warrant for the arrest of the accused with the description of the person to be arrested, and had served it upon a man who was pointed out to him as being the man named in the warrant, the officer would be justified in making the arrest. And in such case, if the facts were undisputed, it would be a question of law for the court, and not for the jury. But in this case the respondent was not pointed out to the sheriff as being the person described in the warrant. On the other hand, it was suggested to the sheriff that the respondent was not the man wanted; that he had been around Spokane for a period of 14 years, and was well known. The sheriff was told by the officer assisting him to find the man that he ought to get some evidence of his identification before making the arrest. Nevertheless, he made the arrest. We think it was, therefore, a question for the jury whether the sheriff had reasonable grounds for supposing or believing that the respondent was the person charged with the crime. This was the only element of probable cause necessary to be considered by the jury.

The appellants also argue that the court erred in stating:

"It is admitted in this case that the plaintiff did not commit the felony charged in the information upon which the warrant in question was issued"

because the statement was a comment upon the facts, and for that reason the case should be reversed.

There was no issue upon the trial whether the respondent was the person charged or not. The issue was, did the sheriff believe, or did he have reasonable grounds for believing, that the respondent was the man. We think it was admitted upon the trial that the respondent did not commit the felony charged in the information, because it was agreed, at the

time the respondent was discharged from custody at Ritzville, that he was not the man wanted. In answer to the question, "You became satisfied that this was not the man?" the sheriff replied: "I don't know at this time whether Mr. White is not the man, as far as my personal knowledge is concerned, no." Further testifying, referring to the time the respondent was discharged, the sheriff said:

"Q. And on that, you and he discharged him? A. We decided that he was not the man and we discharged him; yes, sir."

So it is apparent that it was conceded that the respondent was not the man charged in the information. This court has frequently held that it is not error for the court to state an uncontroverted fact. *State v. Gohl,* 46 Wash. 408, 90 Pac. 259; *Conover v. Carpenter,* 57 Wash. 146, 106 Pac. 620; *State v. McDowell,* 61 Wash. 398, 112 Pac. 521, Ann. Cas. 1912 C 782, 32 L. R. A. (N. S.) 414. We think the instructions were free from error.

The surety company argues that the court erred in denying its motion for judgment notwithstanding the verdict, upon the ground that there was no proof of the allegation that leave had been obtained from the court to sue upon the official bond of the sheriff. The allegation to that effect was denied upon information and belief in the answer. This denial was insufficient, because this order is alleged to have been made by the superior court trying the case. It was a public document, and a denial upon information and belief in such a case is insufficient. *Sumpter v. Burnham,* 51 Wash. 599, 99 Pac. 752.

The order has been brought here by supplemental record. The trial court was authorized to take judicial notice of it because it was a part of the court records.

We find no error, and the judgment is therefore affirmed.

CROW, C. J., PARKER, MORRIS, and FULLERTON, JJ., concur.