[No. 13293.   Department One.   December 12, 1916.]

CANYON LUMBER COMPANY *et al.*, *Appellants*, v.
C. W. SEXTON *et al.*, *Respondents*, M. J. WALKER
*et al.*, *Defendants*.[1]

LANDLORD AND TENANT — UNLAWFUL DETAINER — PARTIES — ME-
CHANICS' LIEN CLAIMANTS.   Under Rem. 1915 Code, § 816, providing
that no person other than the tenant or subtenant in actual pos-
session need be made a party defendant in an action of unlawful
detainer, and §§ 827, 830, providing for relief against the judgment
by those claiming under or through the tenant, a person claiming
a mechanics' lien against the interest of the tenant need not be
made a party, and is nevertheless bound by the judgment as being
in privity with the tenant.

SAME—STATUTES—VALIDITY.   Such statute, compelling the lien
claimants claiming through the tenant to seek relief under the
statute, is valid.

SAME—UNLAWFUL DETAINER—JUDGMENT—RELIEF FROM — LIMITA-
TIONS—STATUTES.   Such act, in providing that the right to relief
against the judgment of unlawful detainer "may" be exercised within
a limited time, is not merely permissive, but precludes the idea that
it can be exercised at some later time.

PLEADING—DENIALS—MATTERS OF RECORD.   A denial on informa-
tion and belief of matters that are of public record is bad.

APPEAL—REVIEW—HARMLESS ERROR.   Error cannot be predicated
upon striking from a complaint matters of detail that were not
material to the cause of action where their elimination left a suf-
ficient statement of material matters to constitute a cause of action.

MECHANICS' LIENS—FORECLOSURE—PLEADING—VARIANCE — AMEND-
MENT.   Where a claim of mechanics' lien sought to charge the fee
of the property, and the complaint was based on the theory that it
was a charge upon a leasehold interest, there was such a fatal
variance as to require an amendment of the lien or of the complaint.

APPEAL—REVIEW—HARMLESS ERROR.   Where some form of an
amendment of a pleading was required, error in ruling upon a pre-
liminary motion is harmless.

MECHANICS' LIENS — FORECLOSURE — AMENDMENT OF LIEN.   In an
action to foreclose a mechanics' lien, an amendment of the lien so
as to charge only a leasehold interest will not avail the plaintiff
where it appears that the leasehold has been forfeited under a
judgment in unlawful detainer.

[1]Reported in 161 Pac. 841.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered January 23, 1915, in favor of the defendants, dismissing an action to foreclose mechanics' liens, upon sustaining a motion for judgment on the pleadings as to plaintiffs' cause of action, and sustaining a demurrer to the complaint of interveners. Affirmed.

*William Sheller, Howard Hathaway,* and *Louis A. Merrick,* for appellants.

*Sherwood & Mansfield,* for respondents.

FULLERTON, J.—On December 12, 1913, the respondents, C. W. Sexton and Martha Sexton, his wife, leased to the defendants, Wolf Michelson and M. J. Walker, two certain lots in the city of Everett, for a term of five years commencing on the first day of January, 1914, at a rent reserved of $25 per month, payable in advance on the first day of each and every month. The lease provided for a forfeiture of the term in case of a default in the payment of the rental, and also provided that any improvements made by the lessees should attach to and become a part of the realty. The lease was duly recorded. The lessees entered into possession of the premises and, while so in possession, caused to be constructed thereon a building for which they became obligated for material and labor. Among the persons to whom obligations were incurred, was the appellant Canyon Lumber Company, which furnished material of the value of $1,081.47, the appellant Everett Shingle Company, which furnished material of the value of $54, the appellant A. Strom, who furnished materials and labor of the value of $73, and the appellant R. H. Carpenter, who furnished materials and labor of the value of $20.30. The obligations not having been paid, each of the materialmen filed a lien upon the buildings and lots. The lien of the Canyon Lumber Company was filed on April 16, 1914. In it C. W. Sexton was named as owner of the property and the defendant Wolf Michelson as the lessee thereof, the lien being claimed against the leasehold interest of Wolf Michel-

son.  The lien of the Everett Lumber Company was filed on April 16, 1914, naming the respondents, C. W. Sexton and Martha Sexton, his wife, as owners of the property and Wolf Michelson and M. J. Walker as lessees.  The lien was claimed upon the interests of all of the parties named.  The lien of A. Strom was filed on May 15, 1914, and that of R. H. Carpenter on May 28, 1914.  Each of these liens also named C. W. Sexton and Martha Sexton as owners of the property and Michelson and Walker as lessees and claimed upon the interests of all of the parties.

The lessees failed to pay the rental for the months of April, May and June of 1914, and on July 23, 1914, Sexton and wife instituted an action under the statute of forcible entry and detainer to oust them from the premises and to declare a forfeiture of the lease.  Judgment was rendered in this action on August 5, 1914, forfeiting the lease and awarding possession of the property to the plaintiffs.  Reentry by the Sextons was made under this judgment and the property subsequently leased to the Paddock-Fowler Auto Company, which took possession thereof and expended some $300 in betterments.  None of the lien claimants were made parties to this proceeding.

On August 5, 1914, the appellant Canyon Lumber Company began an action to foreclose its lien.  It made parties defendant to the action M. J. Walker and Wolf Michelson only, and sought a foreclosure upon their leasehold interest in the property described.  On August 26, 1914, the other lien claimants asked leave to intervene in the foreclosure action and to make additional parties defendants thereto.  On leave being granted, they filed a joint complaint, making additional parties defendant the wives of Walker and Michelson and the owners of the property, C. W. Sexton and wife, and sought foreclosure of their respective liens.

After the filing of the complaint in intervention, the Canyon Lumber Company amended its complaint, making parties defendant the additional parties named in the intervening complaint.  The amended complaint also sought foreclosure

upon the leasehold interests of Walker and Michelson, averring that the interests of the other defendants were subsequent and inferior to its lien.

After service upon them, the defendants Sexton and wife appeared and filed an answer to the complaint of the Canyon Lumber Company, in which, after making certain denials, they set up affirmatively the lease to Walker and Michelson, their failure to comply with the terms of the lease, the judgment of forfeiture, the reentry of the defendants thereunder, and the failure of the plaintiff, or any one on its behalf, to relieve from the judgment of forfeiture in the manner provided by statute.

The defendants also moved against the complaint of the interveners, on the ground that the causes of action of the interveners were severable and not joint and were not separately set forth. This motion the trial court sustained; whereupon each of the interveners filed a separate complaint. These complaints were substantially the same. In each of them the pleader set forth the materials furnished and the work and labor performed, averred that the materials were furnished and the work and labor were performed at the request of Walker and Michelson, who were the lessees of the property, and set forth the lien by copy. The prayer was for a foreclosure of the lien upon the building and the leasehold interest of Walker and Michelson, and so much of the land upon which the building stands as might be necessary for its convenient use or for the use of the plaintiff in removing the building, with other relief appropriate to the facts alleged.

Sexton and wife moved to strike certain portions of the several complaints, which motions the trial court granted. They then demurred to the complaint after the portion had been stricken, which the trial court sustained. The lien claimants thereupon asked leave to amend the lien notices and the complaints, supporting their several motions by affidavits. These were opposed by counter affidavits, and the leave denied. The claimants then announced that they would stand

upon their complaints, whereupon a judgment dismissing their several causes of action was entered.

The Canyon Lumber Company replied to the answer of the Sextons, making certain admissions and certain denials. It denied, on information and belief, the allegation of judgment and ouster and forfeiture of the lease in the action between the Sextons and Walker and Michelson. On the reply being filed, the Sextons moved for judgment on the pleadings. This motion was granted, and a judgment entered to the effect that the plaintiff Canyon Lumber Company take nothing by its action. The lien claimants appeal.

Noticing first the appeal of the Canyon Lumber Company, the court sustained the motion for judgment against the company because of the judgment of forfeiture and ouster in the forcible detainer action; holding that, since the lien of the claimants could attach only to the leasehold interest of the lessees to whom it furnished the materials, the lien failed with the forfeiture of the lease evidenced by the judgment pleaded in the answer; holding further, that the denial in the reply, since it was made on information and belief, did not put in issue the allegation of forfeiture by the judgment.

Our statutes relating to forcible entry and detainer provide (Rem. 1915 Code, § 816), that no person other than the tenant of the premises and subtenant, if there be one, in actual occupation of the premises when the complaint is filed, need be made a party defendant in any proceedings brought under the act; and further provide (§ 827) that, when the proceeding is for an unlawful detainer after default in the payment of rent, and the lease or agreement under which the rent is payable has not by its terms expired, execution upon the judgment shall not be issued until the expiration of five days after the entry of judgment, "within which time the tenant or any subtenant, or any mortgagee of the term, or other party interested in its continuance, may pay into court for the landlord the amount of the judgment and costs, and thereupon the judgment shall be satisfied and the tenant restored

to his estate." It is also provided (§ 830) that the court may re-relieve a tenant against a forfeiture and restore him to his former estate, as in other cases provided by law, where application for such relief is made within thirty days after the forfeiture is declared by the judgment of the court. The application may be made by the tenant or subtenant, or a mortgagee of the term, or by any person interested in the continuance of the term, but must be made upon petition of the person interested, and must be served on the plaintiff in the judgment, who may contest the application. And it is provided that in "no case shall the application be granted except on condition that full payment of rent due, or full performance of conditions of covenants stipulated, so far as the same is practicable, be first made." The reply admitted, as we have stated, that the lien complaint did not comply with either of these conditions of the statute. Clearly, therefore, unless some reason intervenes rendering the statutes inapplicable, the court did not err in granting judgment on the pleadings.

The principal reason urged why the statutes are not applicable is that the lien claimant was not a party but a stranger to the action against the tenants; hence cannot be bound by the judgment of forfeiture and ouster rendered against them. But, as we have shown, the statute, in express terms, provides that only the tenant or subtenant in actual possession of the property need be made a party to the unlawful detainer proceedings, and with equal clearness prescribes the remedy for relief from a judgment entered therein by those claiming under or through the tenant. If these sections of the statute are valid, they are conclusive. While the appellant seems to question them, we have no doubt of their validity. It is within the power of the legislature to declare one dealing with a tenant of real property to be in privity of estate with such tenant, and to provide that notice to the tenant shall be notice to the party so dealing. The legislature

has done no more than this in this instance, and we hold the statute valid.

Again, it is said that the statute is not obligatory in its terms; that it uses the term "may" instead of "must," and is thus permissive and not directory. But the statute confers a right and prescribes the time within which the right may be exercised. To say that the right "may" be exercised within the prescribed time is to preclude the idea that it may be exercised at some later time.

It is urged, also, that the court erred in ruling that the denial was insufficient. But the ruling was in accord with the holdings of this court in the cases of *Sumpter v. Burnham*, 51 Wash. 599, 99 Pac. 752, and *Olympia v. Turpin*, 70 Wash. 581, 127 Pac. 210.

"A party cannot plead ignorance of a public record to which he has access, and which affords him all the means of information necessary to obtain positive knowledge of the fact." 1 Ency. Plead. & Prac., p. 813.

The case of *Stetson & Post Mill Co. v. Pacific Amusement Co.*, 37 Wash. 335, 79 Pac. 935, is cited as expressing a view contrary to the holding which we here approve. But that case, in so far as it touches the question presented, supports rather than opposes our present holding. That was a case where a lien claimant of a leasehold interest had foreclosed his lien and acquired the interests of the tenant. Prior to such sale, however, the landlord had forfeited the lease and peaceably reentered into possession of the premises. It was held that the lien claimant acquired by the foreclosure and sale only such rights as the tenant had, the court saying:

"By a foreclosure and sale, the appellant could acquire no greater rights in the leasehold estate than the persons against whom the foreclosure was had possessed therein (*Shannon v. Grindstaff*, 11 Wash. 536, 40 Pac. 123) ; and all such rights as the lessee, or her successors in interest, acquired by the lease had been forfeited and terminated, long before the sale under the judgment of foreclosure was made. Conceding that the appellant was not bound by the judgment of forfeit-

ure, because not a party thereto, still its right to sell was
barred by the peaceable re-entry of the lessors, for a breach
of the covenants of the lease. Such re-entry, being for con-
dition broken, was lawful, as against all persons claiming un-
der the lease, and operated as a forfeiture of the rights of
all such persons. It was essential to the rights of the ap-
pellant that the leasehold estate be preserved, and if it de-
sired to prevent a forfeiture of such estate, and the conse-
quent forfeiture of its own rights, as a lien claimant against
such estate, it was necessary that it perform, or tender a
performance of, the condition of the lease, before the lessors
re-entered for default of such performance. As it did not
perform, or tender performance, before that time, it cannot
now recover damages by way of rentals or otherwise, merely
because the lessors refused to let it occupy the premises for
the balance of the leased term."

We conclude, therefore, that the court did not err in
granting judgment on the pleadings as against the Canyon
Lumber Company.

The appellants Strom, Carpenter and Everett Shingle
Company first complain of the order of the court striking
certain allegations from their second amended complaint.
As certified in the transcript, these complaints appear as
they were left after the stricken matters had been elimi-
nated, and we are left to the motion to strike and the order
granting the motion to ascertain the contents of the matters
stricken. In so far as these disclose them, we find no error
in the ruling. The allegations concerned matters of detail,
in certain instances explanatory perhaps of the transac-
tion, but contain nothing material to the cause of action at-
tempted to be stated. Undoubtedly all of the matters could
have been left in the complaints without seriously violating
the rules of good pleading, but their elimination left a suf-
ficient statement of the material matters constituting the
cause of action. Again, the order was not harmful for an-
other reason. With the matters remaining in the complaint
it would be as susceptible to a demurrer, which was after-
wards sustained, as it was so susceptible with the matters

eliminated. The action was to foreclose a materialman's lien. The lien was thus the foundation of the cause of action. The lien as filed sought to charge the fee of the property, while the complaint was based on the theory that it was a charge upon a leasehold interest therein. This was such a fatal variance as to require either an amendment of the complaint or an amendment of the lien, and the order sustaining the demurrer was right in either view. Since some form of amendment was finally required, error in ruling upon a preliminary motion does not require a reversal.

What we have said disposes of the second assignment, which claims error upon the ruling on the demurrer. The third assignment is on the refusal of the court to permit an amendment of the lien. As we have said, this motion was supported by affidavits and opposed by counter affidavits. The trial court concluded from the facts thus shown that an amendment could not avail the lien claimants even if allowed, and refused to permit an amendment for that reason; this because the leasehold interest had been forfeited by the judgment of a court at the suit of the respondents, and the lien claimants had not taken timely action to relieve themselves from the judgment of forfeiture. This finding was justified by the showing, and to allow an amendment and go through the form of trial would have been a useless act.

We find no error in the judgment of the trial court, and direct that it stand affirmed.

MORRIS, C. J., MOUNT, ELLIS, and CHADWICK, JJ., concur.