[No. 22047. Department Two. June 12, 1930.]

A. M. GOLDSTEIN, *Respondent*, v. J. W. CARTER COMPANY, *Appellant*.[1]

*McClure & McClure* and *Walter S. Osborn,* for appellant.

*Weter, Roberts & Shefelman* and *Ernest M. Russell,* for respondent.

[1]Reported in 288 Pac. 1063.

FULLERTON, J.—The respondent, Goldstein, is a re-
tail shoe dealer, doing business in the city of Seattle
under the trade name of Bernhard Shoe Co. The ap-
pellant, J. W. Carter Co., is a corporation, engaged in
the business of manufacturing shoes at the city of
Nashville, in the state of Tennessee, which shoes it
sells to the retail trade. In July, 1927, the respondent
purchased from the appellant, through its salesman,
one Bradley, 142 pairs of shoes, from samples shown
him by Bradley. The respondent paid for the shoes
on their delivery to him, and placed them on his
shelves for sale to his customers.

Almost immediately after the sales began, the pur-
chasers of the shoes commenced to return to his place
with the shoes, complaining of their inferior quality.
The fault was in the soles of the shoes, and these had
the appearance of being burned. The respondent did
not make adjustments with his customers when the
complaints were first made, believing that the cus-
tomers themselves had burned the shoes. As the com-
plaints became more numerous, the respondent him-
self became doubtful of their quality, and investigated
the new shoes remaining in his stock. This investiga-
tion disclosed that practically all of the shoes were de-
fective; that, by bending the soles, many of them
would break for their full width, and that others would
crack sufficiently to cause a leak. A number of pairs
of the partially worn shoes, and a number of new
pairs, were brought into court as exhibits. These re-
quire but a glance to show their worthless character.
After discovery of the bad quality of the shoes, the
respondent quit selling them, and thereafter made ad-
justments with his complaining customers, either by
replacing the shoes with new pairs of another make,
or refunding the purchase price in whole or in part.

The appellant refused to make any adjustment with

the respondent on account of his losses, and he thereupon began the present action. In his complaint, he alleged that he was doing business under a trade name, alleging further that he had complied with the statute relating to such instances (Rem. Comp. Stat., § 9976) by filing the certificate therein required. In stating the grounds for his recovery, the respondent made the following allegations:

"V. That said shoes were received by plaintiff in July, 1927, and were offered for sale in his store in the city of Seattle. That an appreciable number of pairs of said shoes were thereafter sold to plaintiff's customers and that soon thereafter many of said customers informed plaintiff that the shoes purchased, as aforesaid, had cracked and fallen apart and were not suitable for wear; that certain other customers did not return to plaintiff's store and have ceased trading with plaintiff; that plaintiff was compelled to repay certain of the customers the purchase price of said shoes; and that the unsold portion of said shoes are unfit for wear and unmarketable.

"VI. That as a result of the sale of said inferior and defective shoes, plaintiff has been seriously damaged; that plaintiff's prior reputation for integrity and his reputation as a vendor of good merchandise has been damaged; that he has lost many customers, who have refused and will refuse to again buy any shoes of plaintiff; that the unsold shoes now in plaintiff's possession are of no value whatsoever and that plaintiff has been compelled to return the purchase price of said pairs of shoes to certain of his customers.

"VII. That the loss to plaintiff, directly and naturally resulting in the ordinary course of events aforesaid upon the breach of the hereinbefore described warranties, is the sum of five thousand dollars."

The cause was tried by the lower court sitting without a jury and resulted in a judgment in favor of the respondent for $246.70, made up of the following items: for defective merchandise, $116.70; for adjust-

ments made with customers, $10; and for damages, $120.

In this court, the appellant first complains because there was no proof that the respondent had filed the certificate required by the statute above cited. But we do not find that there was an issue on this question. The appellant's denial of this part of the complaint was not in form sufficient to raise an issue. If it was a denial at all, it was a denial on information and belief, and we have repeatedly held that this form of denial is not sufficient where the issue is the existence of a public record. *Sumpter v. Burnham,* 51 Wash. 599, 99 Pac. 752; *Olympia v. Turpin,* 70 Wash. 581, 127 Pac. 210; *White v. Jansen,* 81 Wash. 435, 142 Pac. 1140; *Canyon Lumber Co. v. Sexton,* 93 Wash. 620, 161 Pac. 841; *Title Guaranty & Surety Co. v. First National Bank,* 94 Wash. 55, 162 Pac. 23.

Furthermore, there was no issue made on this question during the course of the trial. The appellant did not challenge the sufficiency of the respondent's evidence on this ground at the time it closed its evidence in chief. Nor did it make the objection at the close of all of the evidence, nor when the court announced its conclusions. It was made for the first time some days after the trial closed when the judge signed the formal written judgment of the court. This was too late. *State ex rel. Stephens v. Superior Court,* 111 Wash. 205, 190 Pac. 234.

The appellant next complains that the court allowed a recovery for items of damage not within the issues. As it construes the complaint, it "is not based upon defective goods, but it is based upon loss of business reputation and consequent loss of profit." It may be that the complaint is not as definite in this respect as it could have been made, but we think it contains much more than the nature of the objection im-

plies. The complaint alleges in a general way the various elements of damage that make up his cause of action. These include losses suffered by reason of loss of customers, losses suffered because the appellant was compelled to repay to certain of his customers the purchase price of shoes sold them, losses suffered by unmarketable shoes left on his hands, as well as damages to his reputation as a vendor of shoes and loss of profits. The losses sustained on each of the specific items are not separately stated, and damages are demanded in one lump sum. But this does not limit the proofs to a specific item of damage. If the appellant had demanded a more specific statement of the several items of damage than the complaint contained, doubtless the court would have required it to be furnished, but it took issue and went to trial on the complaint as it was framed, and there was no error in permitting proofs on the several items as outlined therein.

Particularizing, the appellant objects to the allowance for defective merchandise because it is not within the issues, making no objection to the amount of the allowance if it be recoverable under the allegations of the complaint. This question we have just noticed.

It objects to the second item because it is a duplication, arguing that the respondent cannot recover for defective merchandise and also recover for sums which he paid to customers on account thereof. But we do not so read the evidence. The trial court was careful in its allowances not to go beyond the proofs. It restricted the recovery for defective merchandise to losses actually shown, and the recovery allowed was not more than the cost of the unsalable shoes the respondent had on hand. To allow a recovery for the sums he had paid to his customers in the way of adjustments for the losses they had sus-

410

tained because of defects in the shoes purchased by them, was not to duplicate the items of the recovery.

The recovery allowed for general damages is objected to because, as it is contended, the proof in regard thereto is speculative, conjectural, and lacking in reasonable certainty. But in our opinion, the proofs were not altogether subject to these strictures. That there was a loss of regular customers because of sales to them of defective shoes, the proofs clearly show. The amount of the loss is not so definite, it is true, but we think it justified the allowance made by the court.

The judgment is affirmed.

MITCHELL, C. J., MAIN, FRENCH, and HOLCOMB, JJ., concur.