[No. 35886.    Department One.    June 7, 1962.]

THE CITY OF MERCER ISLAND, *Respondent,* v. M. RAY
KALTENBACH *et al., Appellants.**

*Reported in 371 P. (2d) 1009.

*Newman & Newman,* by *Lee L. Newman,* for appellants.

*Alec Bayless* and *George N. Prince,* for respondent.

FINLEY, C. J.—This action was commenced by respondent city against appellant property owners. The city alleges that appellants are violating applicable zoning ordinances by operating a music and dancing studio in a residential area. The trial court, in a summary judgment proceeding, granted an injunction and this appeal followed.

In March, 1960, appellants acquired certain property on Mercer Island and applied for a permit to erect a building on the premises. A permit authorizing construction of a "residence and private conservatory" was issued; thereafter a building was constructed. Since September, 1960, appellants have used the building as a place of residence. They have also operated within it the "Mercerart Private Conservatory," and have given, or caused to be given, instruction in music, dancing and other arts *to members of the public as a commercial enterprise.* Appellants have regularly advertised this establishment as having a faculty of some fifteen persons, including themselves.

At all times since March 1, 1960, the property now owned by appellants has been zoned R-9.6[1]. Property so zoned is

---

[1]Prior to July 18, 1960, appellants' premises were situated in an unincorporated part of King County and in an *R-9.6 zone.* On July 18, 1960, the Board of King County Commissioners passed resolution No. 21468 declaring the city of Mercer Island, Washington, to be duly incorporated as a city of the second class. On the same day, the Mayor and City Council of the city of Mercer Island passed a city ordinance by which it adopted by reference the whole of King County Districting Resolution No. 18801, and Resolution No. 21468, together with maps showing zoning districts as part thereof insofar as the same related to land within the boundaries of the city of Mercer Island. From July 20, 1960, to September 28, 1960, appellants' premises were situated within an R-9.6 zone established by that city ordinance. On September 26, 1960, effective September 28, 1960, the Mayor and City Council of the city of Mercer Island passed another city ordinance establishing land use regulations and zones within the city, adopting maps showing zone boundaries, providing for the administration and enforcement of these regulations, and superseding the previous city ordinance insofar as it related to zoning. Since September 28, 1960, appellants' premises have been situated in an R-9.6 zone established by the later city ordinance.

to be used primarily for *single family dwelling units.* Other uses are permissible *only if expressly listed* in the ordinance. One section indicates that "private conservatories and structures for plants and flowers" are permitted.

Appellants urge that the trial court was in error in granting an injunction in a summary proceeding, and raise several issues which they contend constitute issues of fact sufficient to withstand a motion for summary judgment. The issues of fact argued by appellants relate to (1) alleged assurances made by King County officials that the building permit issued to appellants authorized construction of a residence and conservatory of music, dancing and the arts; (2) whether or not the city of Mercer Island is a duly incorporated municipality legally capable of enforcing an ordinance; and (3) the authenticity of the ordinances relied on by the city of Mercer Island.

The first alleged factual issue is irrelevant to the legal principles herein involved. Even if they could prove that the assurances were made, the issuance of the permit under those circumstances would confer no additional rights upon appellants. *Steele v. Queen City Broadcasting Co.,* 54 Wn. (2d) 402, 341 P. (2d) 499 (1959). The ultimate question is whether the use is authorized by the ordinance, and this must be determined as a matter of law by the courts and not by informal opinions of county administrative officials. With respect to (2) and (3) above, the following is dispositive: Prior to the hearing in summary judgment, the city, in accordance with Rule of Pleading, Practice and Procedure 36, RCW Vol. 0, served upon appellants a written request for the admission of the genuineness of documents of public record relating to the incorporation of the city of Mercer Island and the enactments of relevant ordinances. Appellants' answer to the request for admissions was a general denial based upon lack of knowledge and information sufficient to form a belief. Matters of public record cannot be denied in this manner. *Goldstein v. J. W. Carter Co.,* 157 Wash. 405, 288 Pac. 1063 (1930); 4 Moore's Fed. Prac., § 36.04, 2711, 2712, 2713 (2nd ed. 1950). Rule of Pleading, Practice and Procedure 36, *supra,* provides that

matters not properly denied shall be deemed admitted. The trial court was, therefore, correct in finding that certain material facts appeared to be without substantial controversy, leaving only a question of law properly determinable on a motion for summary judgment.

The sole question of law presented is whether the permitted or authorized uses, under any of the zoning ordinances applicable to appellants' property pertaining to "private conservatories and structures for plants and flowers," encompass the activity engaged in by the appellants, i.e., operating a conservatory of music, dancing and the arts. Appellants contend that their activity is within the permitted use and come to this court armed with the following dictionary definition:

"A public place of instruction, designed to preserve and perfect the knowledge of some branch of science or art, esp. music; a conservatoire. . . ." Webster's International Dictionary (1929)

To bolster their argument, appellants call attention to the fact that one of the permissible uses in the same zoning restriction relates to commercial nurseries and greenhouses. Thus, according to appellants, the phrase "private conservatories and structures for plants and flowers" must relate to conservatories of music, dancing and the arts as well as structures for plants and flowers, because greenhouses are regulated by a different provision in the ordinance. By this interpretation, appellants attempt to de-emphasize the relationship between the terms "private conservatories" and "structures for plants and flowers."

█ The court is mindful of the fact that the word "conservatory" may have different connotations depending upon the context in which it is used. There is judicial authority, however, distinguishing private conservatories and commercial greenhouses. *Kenney v. Building Com'r of Melrose,* 315 Mass. 291, 52 N. E. (2d) 683, 150 A. L. R. 490 (1943). And in Webster's New International Dictionary (2nd ed., 1957) several definitions of the word "conservatory" appear, including the following:

"conservatory . . . a room enclosed in glass, for growing and showing flowers and other plants; greenhouse, especially of a private home, museum, etc."

Therefore, it is not unreasonable to assume that the ordinance provides in one portion for private conservatories for growing and displaying plants, and in another portion for regulation of commercial nurseries and greenhouses. That a term in a statute or ordinance takes its meaning from the context in which it is employed is so well accepted that citation of authority is unnecessary; however, for the doubter, see *Winkenwerder v. Yakima*, 52 Wn. (2d) 617, 328 P. (2d) 873 (1958), and 2 Horack's Sutherland on Statutory Construction (3rd ed., 1943), 393, § 4908. We hold that the word "conservatory," as it appears in the relevant ordinances herein, refers to glasshouses or greenhouses for growing and displaying plants and not to *commercial enterprises* relating to the teaching of music, dancing and the arts.

█ Appellants contend that their application for a building permit antedated the city of Mercer Island's ordinances, and, therefore, under *State ex rel. Ogden v. Bellevue*, 45 Wn. (2d) 492, 275 P. (2d) 899 (1954), and related cases, a vested right to use the property in accordance with the permit accrued. Appellants' contention is without merit. The building permit authorized appellants to build a "residence and private conservatory" and *that is all*. Although it is necessary to trace present zoning regulations through enactments and re-enactments by two different governmental bodies, the fact remains that throughout the relevant time periods involved the very same zoning provisions were in force by one governmental body or the other. Appellants, therefore, never had any semblance of a vested right to operate a commercial school of music, dancing and the arts on the premises located in the R-9.6 zone.

The decision of the trial court is affirmed.

WEAVER, ROSELLINI, FOSTER, and HUNTER, JJ., concur.