77 Wn.2d 587 (1970)
464 P.2d 418
THE STATE OF WASHINGTON, on the Relation of Earl R. Kadow, Appellant,
v.
BOARD OF ADJUSTMENT OF THE CITY OF VANCOUVER, Respondent.[*]
No. 39820.
The Supreme Court of Washington, Department One.
January 29, 1970.
Reed & Gallup and Charles E. Gallup, for appellant.
Jerry F. King, for respondent.
HAMILTON, J.
This is an appeal from a judgment of the Superior Court for Clark County affirming a decision of the Board of Adjustment of the City of Vancouver granting a conditional exception under the city's zoning ordinance for the construction of a group of multiple dwellings in a residential-duplex zone.
The facts are brief and undisputed. Thad Freese, a contractor in Vancouver, Washington, owned an irregular shaped parcel of land containing approximately 116,000 square feet within the city limits. The property is situated within the boundaries of a district zoned as residential-duplex (RD). Mr. Freese made appropriate application to the board of adjustment for a conditional exception under the zoning ordinance which would permit him to erect eight *588 two-story eight-plexes upon his property. A public hearing was held, after notice to surrounding property owners, including appellant, Earl K. Kadow. Proponents and opponents appeared and presented their respective contentions. The hearing was continued to a date certain. In the meantime, and because his first proposal could not meet the pertinent density requirements of the zoning ordinance, Mr. Freese amended his application and sought permission to construct five two-story eight-plexes and one two-story six-plex rather than the eight originally proposed. At the second hearing staff reports and arguments, as well as evidence for and against the application, were again presented to the board. The conditional exception was thereafter allowed by resolution approved by a three-two vote of the board members.
Appellant made application for and was granted review of the board's action by way of a writ of certiorari before the superior court.
Appellant's contentions before the superior court and before this court are that the board was without authority to grant the conditional exception in question and/or acted arbitrarily and capriciously in granting it.
We affirm the judgment of the superior court.
The pertinent provisions of the Vancouver Municipal Code read as follows:
The RD classification is intended to provide standards for the older sections of the community where a mixture of duplexes with single family dwellings predominate. Certain strictly controlled institutional uses are permitted as well as other multi-family units requiring generous amounts of open space to control population density and disturbance generation.
Vancouver Municipal Code 20.24.020.
The principal uses permitted outright in an RD residential duplex district are as follows:
(1) Principal uses permitted outright in more restrictive residential zones.
(2) Two family attached dwelling (duplexes).
(3) Multiple dwelling groups of duplexes providing that the construction of the units complies with the density provisions of Section 20.24.070.

*589 (4) Single family detached dwellings on lots of five thousand square feet minimum area.
(5) Tourist homes for not more than four guests, including a small nonflashing sign not exceeding four square feet, ...
(6) A relocated dwelling structure that meets the other requirements of this district.
(7) Churches and schools in accordance with Chapter 20.44.
Vancouver Municipal Code 20.24.030.
The conditional exceptions which may be authorized by the board in an RD residential duplex district are as follows:
(1) The RSL and RSH zone exceptions as regulated by preceding sections, unless specified as principal uses of this district permitted outright or qualified by subsequent sections.
(2) A permit may be granted on a single parcel for the principal uses allowed outright in an R-3 district, subject to examination and written report of the staff administrators, public hearing, and a finding that such use will not be unduly detrimental to the character of adjacent and surrounding residential property; that it shall conform to yard, setback, height, bulk and coverage requirements; and that construction and site development will be in harmony with nearby residential properties. In such instance, the interior sideyard requirement shall be double the standard provision in this district.
(3) Nursery schools, day nurseries, orphanages, private kindergartens, and similar child-care centers; ...
(4) Convalescent, nursing or old-folks' homes for not to exceed ten patients; ...
Vancouver Municipal Code 20.24.040.
The R-3 classification is intended to provide a buffer-type residential area, which will permit a gradual transition in land use from the quiet interior of a residential neighborhood to the more disturbing services on the fringe of such neighborhood. The predominant use permitted is multi-family, rental type residential accommodations with the district designed to permit an orderly transition of uses including conversion of single family units.
*590 Vancouver Municipal Code 20.24.100.
The principal uses permitted outright in an R-3 low density multiple family residential district are as follows:
(1) RD district principal uses except as may be modified for this district.
(2) Multiple dwelling groups of triplex or fourplex units providing for construction of the units complies with the density provisions of Section 20.24.150.
(3) Triplex, fourplex units.

(4) Occasional structures of other multiple dwellings, provided that the density provisions of Section 20.24.150 are met.
(5) Boarding and rooming houses accommodating not more than ten persons in addition to the family.
(6) Nursery schools, day nurseries, private kindergartens, and similar child-care centers ...
(7) Grouped garages or parking lots, suitable surfaces, screened, fenced, walled, lighted, and/or landscaped to be operated only for daily storage of noncommercial-type passenger automobiles, without specific limitations on number of vehicles; ...
(8) Professional offices, structurally in harmony with adjoining residential buildings ...
(9) Tourist homes, accommodating not more than ten people; auto courts and motels limited to four units per structure; ...
(10) Dormitories adjoining public or private schools, colleges or institutions, ...
(11) Nursing and convalescent homes, homes for elderly persons, hospitals for persons not primarily being treated for contagious diseases, insanity, feeble-mindedness, epilepsy, liquor or drug addiction; and institutions for religious and charitable purposes.
(Italics ours.) Vancouver Municipal Code 20.24.110.
The board in granting the conditional exception authorized by VMC 20.24.040(2) above set out, considered the project proposed by Mr. Freese on his amended application to be within the "Occasional structures of other multiple dwellings" classification of uses permitted outright in an R-3 district. VMC 20.24.110(4). The superior court agreed.
Appellant contends that the interpretation of VMC 20.24.110(4) by both the board and the superior court is *591 erroneous. He asserts this is so because, in his view, the phrase "occasional structures" was intended to comprehend both "time" and "space" factors, and, when so construed, would permit only a few single, isolated, or incidental multiple dwelling structures on unrelated parcels of land within a use district rather than a complex of such structures on one parcel of property as proposed by Mr. Freese.
We cannot fully agree with appellant's analysis.
[1] The word "occasional" is susceptible of more than one meaning. In relation to things or events it can mean "now and then," "here and there," "irregular," "infrequent," "casual," or "incidental." Webster's New International Dictionary (2d ed. 1957). Where such an amphibolous word is used in a statute or ordinance it takes its meaning from the context in which it is used. Mercer Island v. Kaltenbach, 60 Wn.2d 105, 371 P.2d 1009 (1962).
Under the instant zoning ordinance, VMC 20.24.020, in setting forth the purpose of a residential duplex district, mentions the inclusion of "other multi-family units requiring generous amounts of open space." VMC 20.24.030 defining the uses permitted outright in such a district authorizes "multiple dwelling groups of duplexes." VMC 20.24.040(2) spelling out the conditional exceptions which may be granted for such a district, speaks with respect to a "single parcel" of land upon which may be located the principal uses allowed outright in an R-3 district. And, VMC 20.24.110 dealing with the outright uses permissible in an R-3 district authorizes "multiple dwelling groups of triplex or fourplex units." Within the context and against the background of these references with respect to residential duplex and R-3 districts, we are convinced that the phrase "Occasional structures of other multiple dwellings" as used in subdivision 4 of VMC 20.24.110 contemplates groups of multiple dwelling units, similar in type and character but larger than fourplex units, being erected on single parcels of land here and there within the pertinent use district, provided, of course, that the pertinent density requirements as well as the other limitations of the zoning ordinance are met.
*592 This being so, it follows that the respondent board did not exceed its authority under VMC 20.24.040 when it gave consideration to Mr. Freese's application for a conditional exception allowing construction of a group of eight- and six-plexes on a single parcel or tract of land within the residential duplex district.
[2] And, we are satisfied the board did not act arbitrarily, capriciously, or unreasonably in granting the exception. The record before us indicates that the board heard without undue limitation the evidence and arguments presented for and against the application at two public hearings; called for and received staff study and recommendations concerning the proposal and its compliance with applicable setback, height, bulk, coverage, traffic, and density requirements as well as its potential effect upon surrounding properties; gave careful consideration to all factors involved and reached a decision upon a question about which reasonable minds could differ. Arbitrary, unreasoning or capricious action cannot, under these circumstances, be attributed to the board. Lillions v. Gibbs, 47 Wn.2d 629, 289 P.2d 203 (1955).
Finally, under the pertinent provisions of the zoning ordinance here involved and under the circumstances prevailing, we find no merit in appellant's further contentions that in granting the conditional exception the board of adjustment exercised unlawfully delegated legislative power or that the exception as granted amounted to spot zoning.
The judgment of the superior court is affirmed.
HUNTER, C.J., McGOVERN, J., and DONWORTH, J. Pro Tem., concur.
NOTES
[*] Reported in 464 P.2d 418.