306 P.2d 290

Martha J. HOLMES and Wanda Holmes by
their guardian ad litem, Lena I.
Holmes, Appellants,

v.

Stella NESTER and Nick Vitkovich,
Appellees.

No. 6190.

Supreme Court of Arizona.

Jan. 15, 1957.

Moore & Moore, Phoenix, for appellants.

Laney & Laney, Phoenix, for appellees.

WINDES, Justice.

Lena I. Holmes, as guardian ad litem for her minor daughters, Martha J. Holmes and Wanda Holmes, filed two complaints against Nick Vitkovich, attendance officer for Balsz School, and Stella Nester, the school nurse, charging that the defendants entered the home of plaintiffs and by force arrested them, compelling them to leave the home, and depriving them of their freedom for several hours without probable cause and without right or authority. The complaints further allege that the children were struck, beaten and injured. Answering the complaint of Martha, defendants denied any injury or assault upon her and alleged that Vitkovich was the school's attendance officer and his actions in the matter were done in his capacity as such officer with the assistance of defendant Nester. They further

allege that Martha was a student of the school and was and had been on a number of prior occasions absent from school without valid or legal excuse. Answering the complaint of Wanda defendants alleged that when they went to the home for the purpose of requiring Martha's attendance at school, the parents were not at home; that Martha informed them she was caring for her sister who was playing in a neighbor's yard and that she would not go to school unless she could take Wanda with her; and that defendants invited Wanda to accompany them to school where she would be cared for until her parents could be contacted. It is further alleged that Wanda was taken to school without injury and cared for until they could contact the parents, at which time she was returned to them. The cases proceeded to trial together and on the termination of plaintiffs' evidence the court directed a verdict for defendants. Plaintiffs appeal.

It is admitted that defendants were attendance officer and school nurse respectively, employed by Balsz School where plaintiff Martha was a pupil. Plaintiffs' evidence, which must be taken as true in testing the right of the court to direct a verdict for defendants, is substantially that Martha was fourteen and Wanda five years of age; that the parents went to town; that they had to walk about a mile to obtain a bus; that Wanda was not feeling well and they directed Martha to stay home from school and care for her; that they returned about 12:30 and Wanda was returned to them about 1:30 p. m.; and that Martha was kept at school for the day. The evidence further showed that neither of the children sustained injury except a slight bruise on Martha's arm. When defendants went to the home, they also found there Martha's friend, one Danny Lee Roberds, apparently a truant from school, hiding under the bed. They likewise took her to school.

Whether the court erred in not submitting the case to the jury is dependent upon the powers and duties of a school attendance officer under our statutes requiring compulsory attendance for a child between the ages of eight and sixteen years. All statutory sections herein mentioned refer to A.C.A.1939. Under the provisions of section 54–505 [1] any person having the control of a child of compulsory school age shall send the child to school, except that the child's custodian may be excused from this duty by the trustees of the school district when it is shown to the satisfaction of the board of trustees and the county school superintendent that the child is properly taught at home, is attending private or parochial school, attendance is impracticable because of physical or mental condition; has completed grammar school, or for any rea-

1. Now A.R.S. § 15–321 et seq.

son satisfactory to the board, the teacher and probation officer. Section 54–507 provides for the appointment of attendance officers referred to therein as truant officers. Section 54–508 prescribes the powers and duties of attendance officers in the following language:

"The attendance officer shall see that the law regarding the employment of children between the ages of eight and sixteen years during school hours, and their attendance at school, are obeyed. He shall have the powers of deputy sheriffs to make arrests for the violation of such laws, and may, without a warrant, bring children who are absent from school without proper legal excuse, before the authorities competent to hear and dispose of such cases, and may enter all places where children may be employed to investigate and to enforce the law."

It is our view that these statutes give an attendance officer the right without a warrant to take into his custody children who are by law required to attend school and without proper legal excuse absent themselves therefrom. So far as such children are concerned, the function of attendance officers is to prevent truancy and a truant is a child who fails to attend school without leave. The excuses that will prevent the interference of attendance officers are not limited to those set forth in section 54–505, supra, which contemplates more or less permanent excuse. The parents or other person in custody and control of the child have the right and power to temporarily excuse the child from school attendance if good reason exists therefor. Under such conditions the child is not a truant and as such subject to the powers and jurisdiction of the truant officer. Such an officer is not a substitute parent. If the parent without sound reason prevents the child's attendance at school, the remedy is prosecuting the parent under the provisions of section 54–506. If the child must be dealt with under such conditions, it must be under some other law than the statutes heretofore set forth. We have other statutory methods of dealing with children whose parents by reason of their control over them are conducting themselves in a manner detrimental to their welfare. Under section 46–117, 1952 Supp., A.C.A.1939, now section 8–201, A.R.S.1956, a child whose parents neglect or refuse to provide proper or necessary education is classified as neglected and may be cared for by the superior court handling juvenile matters. We conclude therefore that an attendance officer under the powers given him, as such, has no authority to remove a child from its home and compel its attendance at school contrary to the instructions of its parents.

At the commencement of the trial, plaintiffs moved that the evidence be limited

to the amount of damages sustained for the reason that the answers admitted that the plaintiffs were taken into custody and failed to plead any justification. A denial of this motion is assigned as error. We do not think the assignment well taken. While it is generally stated that one who without legal authority arrests and detains another is not protected because detention was done in a good faith belief that he had such authority, there is a class of cases wherein reasonable grounds to believe the law has been violated is recognized as justification for arrest and detention. This rule has been applied to school authorities and owners of property when they have reason to believe detention is necessary for its protection. 22 Am.Jur., False Imprisonment, section 78; Collyer v. S. H. Kress & Co., 5 Cal.2d 175, 54 P.2d 20; Swafford v. Vermillion, Okl., 261 P.2d 187. This court applied the rule in a case of false imprisonment of a possibly insane person arrested without the statutory process. Christiansen v. Weston, 36 Ariz. 200, 284 P. 149. Therein the court said the defendant could justify his conduct by showing that he had reasonable grounds to believe and did believe at the time that the arrested person was dangerously insane.

◼ We believe that a truant officer, who is given the power of a deputy sheriff to arrest for the violation of the compulsory attendance laws without a warrant and to bring children absent without proper excuse before the proper authorities, may not only take into his custody a truant child, but, in the event the child was not in fact a truant, he may justify his action if, under the circumstances, acting in good faith, he had reasonable ground to believe and did actually believe that the child was absent without lawful excuse. The cases are not in harmony as to whether the reasonableness of such conduct is a court or jury question, but we think the better rule is that if there be a basis for reasonable men to disagree it should be submitted to the jury. Christiansen v. Weston, supra; White v. Jansen, 81 Wash. 435, 142 P. 1140.

◼ When the plaintiffs submitted testimony to the effect that Martha had been required to remain home and that defendants took her into custody, she made a prima facie case which prevents the trial court directing a verdict. The defendants must submit their defense by showing, if possible, that the pupil was either in fact a truant as herein defined or that under the circumstances the defendants had reasonable grounds to believe and did believe she was such.

◼ As to the five year old sister, Wanda, if the detention of Martha was unjustified, then detention of the small sister was equally wrongful, and if she sustained any damages thereby she can recover. In the event it should be determined at the trial that the detention of Martha was justified,

the only justifiable reason for taking Wanda into custody was for her own protection. If the arrest of one who has the custody of an infant be legal, it would be the duty of the arresting officer to take reasonable measures for the temporary care and custody of the infant for its own protection. If this were not true, we would be compelled to rule that one with the custody of an infant could not be arrested. The plaintiffs' evidence shows nothing unreasonable in the measures adopted by the defendants in caring for Wanda until they were able to return her to her parents. There is nothing in plaintiffs' evidence to show any conduct on the part of defendants that could be considered detrimental to her welfare during the short period of time she was in the care and custody of defendants. Consequently, if it be decided at the trial that the defendants were justified in arresting and detaining Martha, they were justified in caring for Wanda for a reasonable time until she could be returned to her parents. If it be determined defendants were not justified in arresting and detaining Martha, the detention of Wanda was wrongful and she would be entitled to at least nominal damages.

Reversed with instructions for a new trial.

UDALL, C. J., and PHELPS, STRUCKMEYER and LA PRADE, JJ., concurring.