243 P.2d 462

**WHITAKER et al. v. HOLMES et al.**
**No. 5509.**

Supreme Court of Arizona.
April 15, 1952.

Kenneth Biaett, of Glendale, for appellants.

Clark & Coker, of Phoenix, for appellees.

DE CONCINI, Justice.

This is an appeal from a decree of the superior court denying appellants' injunction to restrain appellees from operating an establishment which dispenses alcoholic beverages, contrary to a restrictive covenant.

Appellants, Charles M. Whitaker et al., hereinafter referred to as plaintiffs, and the defendant Bertha Mae Gardner, one of the appellees herein, by divers deeds of conveyance became seized of certain lands situated in Glendale, Arizona. The plaintiffs are the owners of Lots 6, 7, 8, and 9, Block 3, Park Place Addition. The defendant Gardner is the owner of adjoining Lots 10 and 11, Block 3. The deeds all incorporated by reference a covenant re-

stricting the use of the property owned by them, by prohibiting the manufacture, or sale of intoxicating liquors upon any part of said premises. This covenant was entered into in the year 1892 by the New England Land Company and the Arizona Improvement Company, owners of Park Place Addition. The covenant provided that all subsequent deeds should contain this restriction and if they did not the same would be binding upon the grantee, his heirs or assigns. Nevertheless, defendant Gardner leased to defendants Holmes and Allen a building on said lots 10 and 11, which was being used contrary to said restrictive covenant.

During the period of 1934 to 1941 there was established in this restricted area comprising approximately four sections of land, seven places selling intoxicating liquors. All these establishments however were located in the town of Glendale within a small triangular area and in close proximity to each other.

The place where the violation complained of in this action occurred is located almost a mile from the area where previous violations have taken place. Plaintiffs did not at any time complain or seek to enforce the covenant as against the seven prior violators. Plaintiffs are now seeking to enjoin these defendants from operating a liquor establishment which is located adjacent to their property.

Plaintiffs assign as error the denial by the lower court of an injunction and a subsequent order denying plaintiffs' motion to amend findings of fact and conclusions of law and a denial of their motion for a new trial.

■ Restrictive covenants at first were always upheld because of the fact that an owner of property could place any restriction he saw fit upon it. The doctrine of restrictive covenants is, as stated in Ainsworth v. Elder, 40 Ariz. 71, 9 P.2d 1007, sic utere tuo ut alienum no laedas. By this concept, the courts not only look to the meaning of the particular words but also to other surrounding circumstances. Ainsworth v. Elder, supra.

■ Although restrictive covenants are not always upheld by the courts, yet the courts are bound to require a compliance of the covenant if such covenant is not contrary to law and the language of the covenant is clear. Heisler v. Marceau, 95 Fla. 135, 116 So. 447. In Continental Oil Co. v. Fennemore, 38 Ariz. 277, 299 P. 132, we held that where, as a part of a general scheme of improvement, restrictions are inserted in all of the deeds governing the purpose for which the land may be used, they may be enforced in equity by any of the grantees.

■■ The trial court in its findings of fact found that in 1892 the tract of land in question was principally undeveloped farm land and that today the city of Glendale, Arizona, consists principally of business, industrial, and residential property.

We do not disagree with the trial court in that finding of fact and we believe it recognized that the original grantors contemplated a new community would be built when it said on page 33, Transcript of Record:

"* * * And if a town is established, they specifically provided for that, so it wouldn't make any difference whether the conditions changed or not, in that they specifically provided that if it did change or if a village or town was established, that the restrictions would apply anyway."

Here the court recognized that the covenant when entered into contemplated a town and then in its conclusion of law No. 1 it held:

"The plaintiffs have lost their right to enforce such restrictions by reason of the change in conditions and character of the restricted area, *and that the purpose for which said restrictions were created have been defeated,* and it would now be oppressive and inequitable to give said restrictions effect." (Emphasis ours.)

The very language of the court in first recognizing the grantors' intent to start a community on that certain tract of land and then expressly reversing itself when it made the above conclusion of law seems to us so inconsistent that we cannot but hold that the court erred in its conclusion of law. These covenants were made in contemplation of a community. The re-

strictions are valid and should be enforced if the circumstances so warrant it. The court in its findings of fact found that there were violations of the covenant on the four sections of land that the covenant embraced. However, although there were seven prior violations of the covenant in question these violations were located so close to each other and so far removed from plaintiffs' property that it cannot be said that the whole area which the covenant embraced was radically changed so as not to afford these plaintiffs equitable protection. Therefore we hold that these violations were not sufficient in themselves to preclude the plaintiffs from protecting themselves from the very abuse sought to be prevented by the original parties who first made the covenants. See also 14 Am. Jur., Covenants, sec. 305.

Defendants rely on the proposition of law that since plaintiffs made no attempt to enforce the covenant against the seven prior establishments dispensing intoxicating beverages that they are now estopped to do so as against these defendants. We think the defendants' argument without merit.

The defendants rely on the general rule that a person may lose his right to enforce a restrictive covenant, by laches, waiver or estoppel. This case however is an exception to the general rule. As stated in 32 C.J., Injunctions, Sec. 326, page 211:

"An important limitation to the general rule is recognized in many deci-

sions to the effect that a person entitled to enforce a restrictive covenant may have notice of violations which inflict no substantial injury on him without losing the right to enforce the restriction in case of a substantially injurious violation by failure to take steps to restrain the first mentioned class of violations." (Citing cases.) See also 43 C.J.S., Injunctions, § 87.

Among the cases cited by C.J. supra, we find the case of Rowland v. Miller to be directly in point, 139 N.Y. 93, 34 N.E. 765, 22 L.R.A. 182; 165 A.L.R. 1132. The restrictive covenant in that case in part prohibited, "any * * * trade or business carried on * * * which shall be injurious or offensive to the neighboring inhabitants". We see that the above provision was much broader than the one in the case at bar and the court construed that provision against a defendant who leased his premises governed by this restriction to an undertaking firm whose business was preparing dead bodies for burial and the performance of autopsies. The defendant relied upon the same defense that the defendant in this case relies on, and the court said:

"Here the plaintiff has the right to occupy her house as a residence, and in such occupation to have the protection of the restrictive agreement. She has never violated the agreement herself, or consented to, or authorized or encouraged, its violation by others. In order to have the benefit of the agreement, she is not obliged to sue all its violators at once. She may proceed against them seriatim, *or she may take no notice of the violations of the agreement by business carried on remotely from her residence, and enforce it against a business specially offensive to her by its proximity.*" (Emphasis ours.)

We think the above an adequate and equitable statement and one which applies to the case at bar. To let these defendants continue to operate this business contrary to the restrictive covenant and to the detriment of the plaintiffs is a gross violation of the covenant and one which the framers of the covenant had in mind when it was incorporated into the deeds. Defendants' other propositions of law go to the question of the legality of selling intoxicating beverages, and those propositions are without merit.

Judgment is reversed with instructions to the lower court to grant the injunction prayed for by the plaintiffs in their complaint.

Reversed with directions.

UDALL, C. J., and STANFORD, PHELPS, and LA PRADE, JJ., concurring.