■ In the Matter of JOHN D. HOHMANN et al., Petitioners, v. J. PETER THOMSEN et al., Constituting the Zoning Board of Appeals of the Town of Orangetown, Respondents, and GEORGE MAGGIOLO et al., Intervenors-Respondents.— Proceeding pursuant to article 78 of the CPLR to review a determination of the Zoning Board of Appeals of the Town of Orangetown, dated October 27, 1965, which granted the intervenors an area variance. Petition granted and determination annulled, on the law, with costs to petitioners against intervenors-respondents. For a period of four years, George Maggiolo, one of the intervenors herein, maintained on his own property, without a building permit or other municipal approval, a 50-foot radio transmission tower which was used in connection with his landscaping and excavating business, conducted as a partnership with his brother, the other intervenor herein. In June, 1965, George Maggiolo applied to the Board of Zoning Appeals for a special permit for the maintenance of a 103-foot transmission tower. This application was made after the latter tower had been erected in violation of the existing zoning ordinance. That ordinance required that an approved tower be located a minimum distance, equal to its height, from all property lines. The application was denied by the board on June 10, 1965 upon a finding that no hardship existed which required the granting of the variance. Thereafter the zoning ordinance was amended to require a setback distance for radio and television towers equal to the height of the tower plus one third. In October, 1965, George Maggiolo along with his brother applied for permission to move the existing tower to a point adjacent to the brother's home which was located on a plot adjoining George's plot. While such a move would not satisfy the new zoning distance requirements, the tower would be substantially further away from other adjoining plots. Both Maggiolos agreed that, for the purposes of the application, the two separately owned plots were to be treated as one. The variance was granted upon conditions, one of which, upon the Maggiolos' proposal, was that if either of the plots

were sold the use would end. The board found that the granting of the variance was necessary for the reasonable use of the properties. We are of the opinion that under all the facts and circumstances the granting of the variance was arbitrary and capricious. The tower is not in harmony with a residential area. It is used solely for business purposes and it interferes with radio and television reception in the area. While the zoning ordinance permits the erection of radio and television antennas, we believe that the provision for such permission refers only to reception antennas and not to transmission towers. Furthermore, while the ordinance permits a profession or occupation not otherwise permitted in the district, when conducted as an accessory use on a residential plot, we do not believe that it permits the joining of two separately owned plots for use in a partnership business (see *Matter of Presnell* v. *Leslie,* 3 N Y 2d 384). Under all the facts herein we do not believe that the denial of a variance will cause the intervenors such hardship as to deprive them of the use of the properties to which they are reasonably adapted (*Matter of Fulling* v. *Palumbo,* 21 N Y 2d 30). Hopkins, Acting P. J., Benjamin, Munder, Martuscello and Kleinfeld, JJ., concur.