Dettmar, Appellant, v. County Board of Zoning Appeals, Appellee.

(No. A249109—Decided May 10, 1971.)

Common Pleas Court of Hamilton County.

*Mr. Ben Turpen,* for appellant.
*Mr. Robert W. Worth,* assistant prosecuting attorney, for appellee.

Bettman, J.  This is an appeal from the decision of the County Board of Zoning Appeals upholding the decision of the Building Inspector denying appellant's application for a permit to construct a sixty-four foot radio antenna adjoining his residence on his property.

The property in question is located in a Residence "B" District which, under the Zoning Resolution of Hamilton County, is controlled by the following regulations.

"Sec. 62 Use Regulations: A building or premises shall be used only for the following purposes:

Sec. 62.14 Single family dwellings.

Sec. 62.15 Accessory buildings and uses customarily incident to any of the above uses.

The applicable height regulations are as follows:

"Sec. 63 Height Regulations: No building shall exceed two and one-half (2-½) stories or thirty-five (35) feet in height, except as hereinafter provided in Article XVII.

## ARTICLE XVII
ADDITIONAL USE, HEIGHT AND AREA REGULATIONS AND EXCEPTIONS.

Sec. 171.3 Church spires, domes, flagpoles, aerials, antennas, windmills, chimneys, cooling towers . . . . may be erected to any lawful and safe height.''

Bearing in mind the well established principle that zoning ordinances, being in derogation of the common law, ought to be strictly construed and the ancient principle that the ownership of real estate extends from the center of the earth to the heavens, we find nothing in the Zoning Resolution making appellants' proposed use unlawful.

Appellant is an amateur radio operator. This is a hobby through which the ''ham'' operator gains skill in science, electronics and radio technique. It is carried on purely for the development of the individual and not for any financial gain. Family hobbies, recreation and education are without question accessory uses customarily incident to single family dwellings. The words ''uses customarily incident to single family dwellings'' mean the class of activity a family customarily does in or about their home. It does not limit the use to the identical activity chosen by the neighbors, As long as the activity is a form of family hobby, recreation or education it is permissible even though it may be unusual unless it is specifically excluded by a zoning restriction. The fact that not many people have amateur radio antenna no more precludes this use than the fact that not many people have tennis courts precludes their use.

As for the height of the proposed antenna—this is provided for by Sec. 171.3 which specifically permits erection to any lawful and safe height.

We have considered the case of *Presnell* v. *Leslie,* 165 N. Y. S. 2d 488, which reaches a contrary conclusion but prefer the logic of *Skinner* v. *Zoning Board,* 80 N. J. Super, 380, and *Wright* v. *Vogt,* 7 N. J. 1.

Accordingly we find the decision of the Board of Zoning Appeals, and that of the Hamilton County Building Inspector contrary to law.

*Judgment accordingly.*