[No. 1164-1. Division One—Panel 1. December 4, 1972.]

THE STATE OF WASHINGTON, on the Relation of Kenneth Carpenter, Appellant, v. THE CITY OF EVERETT BOARD OF ADJUSTMENT et al., Respondents.

*Westmoreland, French & Meagher* and *Joseph Meagher,* for appellant.

*Bruce Jones, City Attorney, Mark Patterson, Deputy, Bell, Ingram, Johnson & Level,* and *W. F. Ingram,* for respondents.

HOROWITZ, C.J.—This appeal involves the validity of a decision of the City of Everett Board of Adjustment in denying petitioner the right to erect a 72-foot amateur radio tower on his private property in an R-2 (residential) zone in Everett, Washington.

Kenneth Carpenter, a ham radio operator, sought a building permit to erect an amateur radio tower on his private residence property. The structure proposed to be erected is described in the findings of fact as:

> [A] 72-foot tower supporting a mechanical device of a radio antenna consisting of one boom three inches in diameter, 33 feet long and having mounted thereon six cross tubes two and one-half inches in diameter.

The City of Everett building inspector granted petitioner the permit requested. Subsequently, four objecting property owners appealed to the Board of Adjustment. The Board of Adjustment, constituted pursuant to the Everett ordinances, after a public hearing and a meeting in executive session, overruled the building inspector and instructed him to deny the application. This was done.

The appeal to the Board of Adjustment was the first challenge to the interpretation made by the building inspector that a 72-foot radio tower on private residence property in an R-2 (residential) zone was an accessory use

within the zoning code. There was evidence that at the time of the application, there were 173 licensed ham radio operators in Everett with radio towers whose height and location are not disclosed by the record.

Subsequently, petitioner sought review of the decision of the Board of Adjustment by writ of certiorari to the superior court. The court, after hearing, upheld the decision of the Board of Adjustment. It entered findings and conclusions and judgment based thereon, dismissing the petition. Petitioner appealed.

Petitioner contends the court erred in concluding that the decision of the Board of Adjustment "was not arbitrary or capricious, was honestly exercised and given upon due consideration of all of the facts." He argues the building inspector's interpretation of the City of Everett Building Code is contrary to the code; that petitioner was denied a fair hearing by the Board of Adjustment; and that petitioner was denied equal protection of the laws. Accordingly, he contends conclusion of law No. 3, that no rule of law affecting petitioner's rights had been violated, is erroneous.

The Everett City Code describes structures that may be erected in an R-2 zone. City Code § 15.04.030 provides:

B(1) Accessory Building or Use: A use or structure customarily incidental to a permitted principal use or building and located on the same lot with such principal building.

. . .

B(5) Building: Any structure built for the support, shelter or enclosure of persons, animals, mechanical devices or chattels, and, when separated by party walls located upon property lines, then each portion of such structure shall be deemed a separate building.

. . .

B(7) Building, Principal: A building which is the primary use of the lot upon which the building is located.

. . .

B(22) Height of Building: The greatest vertical distance measured from the average level of the highest and lowest point of that portion of the building site covered

by the building to the highest point of the roof, excepting chimneys and steeples.

. . .

B(32) Structure: Anything constructed or erected, the use of which requires location on the ground or attachment to something having location on the ground.

Paragraph F of section 15.04.090 reads:

F Height Limitations: No building shall exceed thirty-five feet above the average elevation at the foot of the building.

City Code § 15.04.360 defines the jurisdiction of the Board of Adjustment in reviewing the decision of the building inspector. It reads:

The Board may review any interpretation of the provisions of the zoning code made by the building inspector, and any order, requirement, decision, or determination relating thereto, in the application of the specific provisions of the zoning code to any parcel of land and/or structure. The Board may affirm or reverse the interpretation of the provisions of the zoning code made by the Building Inspector, and any order, requirement, decision, or determination relating thereto; and the findings in each case, and to that end it shall have all of the powers of the Building Inspector . . .

(With exceptions inapplicable here.) Petitioner argues the building inspector correctly interpreted the code when he concluded that the proposed radio tower is an "accessory building or use" within the meaning of City Code § 15.04.030B(1), and that such an accessory building or use is not subject to the 35-foot height limitation described in section 15.04.090 F.

■ The problem here is not what the ordinance means to us, but rather whether the interpretation of the ordinance made by the Board of Adjustment was arbitrary or capricious, dishonestly reached, or reached without due consideration of all of the facts. As pointed out, under City Code § 15.04.330, the Board of Adjustment is expressly empowered to review and set aside a decision of the building inspector interpreting the provisions of the zoning code.

In the instant case we cannot say that the Board of

Adjustment interpretation was not a permissible one. The subject of accessory uses has been considered in several cases elsewhere. None of the cases, however, involve an ordinance with language either identical or similar to that here quoted. *See Presnell v. Leslie,* 3 N.Y.2d 384, 144 N.E.2d 381 (1957); *Wright v. Vogt,* 7 N.J. 1, 80 A.2d 108 (1951); *Skinner v. Zoning Bd. of Adjustment,* 80 N.J. Super. 380, 193 A.2d 861 (1963). *Presnell* holds that the radio tower involved, under the ordinance there invoked, is not an accessory use. The other cases cited hold to the contrary under the language of the particular ordinances considered.

Assuming, *arguendo,* the proposed radio tower is an accessory building or use within the meaning of City Code § 15.04.030B(1), the board could have found that the proposed radio tower was a "building" within the meaning of subsection B(5). If it were a building, then under City Code § 15.04.030B(22) and § 15.04.090F the maximum height limitation was "thirty-five feet above the average elevation at the foot of the building." The permit desired here was for a radio tower of 72 feet, clearly in excess of the 35-foot permitted maximum.

The trial court concluded that the building inspector's interpretation "was erroneous and contrary to said code . . ." Conclusion No. 4 states that the decision of the Board of Adjustment "was not arbitrary or capricious, was honestly exercised and given upon due consideration of all of the facts." The conclusion meets the required standard in Washington. In *Lillions v. Gibbs,* 47 Wn.2d 629, 633, 289 P.2d 203 (1955), the court stated:

> Arbitrary and capricious action of administrative bodies means willful and unreasoning action, without consideration and in disregard of facts or circumstances. Where there is room for two opinions, action is not arbitrary or capricious when exercised honestly and upon due consideration, even though it may be believed that an erroneous conclusion has been reached.

In *State ex rel. Kadow v. Board of Adjus.,* 77 Wn.2d 587, 592, 464 P.2d 418 (1970), the court said:

And, we are satisfied the board did not act arbitrarily, capriciously, or unreasonably in granting the exception. The record before us indicates that the board heard without undue limitation the evidence and arguments presented for and against the application at two public hearings; called for and received staff study and recommendations concerning the proposal and its compliance with applicable setback, height, bulk, coverage, traffic, and density requirements as well as its potential effect upon surrounding properties; gave careful consideration to all factors involved and reached a decision upon a question about which reasonable minds could differ. Arbitrary, unreasoning or capricious action cannot, under these circumstances, be attributed to the board. *Lillions v. Gibbs*, 47 Wn.2d 629, 289 P.2d 203 (1955).

*See also Chestnut Hill Co. v. Snohomish*, 76 Wn.2d 741, 458 P.2d 891 (1969); *Bishop v. Houghton*, 69 Wn.2d 786, 420 P.2d 368 (1966).

Petitioner then claims that he was denied an opportunity to be heard during the executive session of the board attended only by the commissioners and the board secretary, Mr. Bennett. During the executive session, Mr. Bennett advised the Board of Adjustment as to the facts, gave his opinion as to the proper interpretation of the code, and participated in the discussions of the Board of Adjustment. The board adopted Mr. Bennett's recommendation that the petitioner's application to erect a radio tower be denied. Petitioner argues that, by permitting Mr. Bennett to express views adverse to that of the petitioner without at the same time hearing from the petitioner during the executive session, petitioner was denied a fair hearing. There is no claim that any party adversely interested participated in the executive session held by the board. It is undisputed that petitioner was given an opportunity to present his views during the public hearing preceding the executive session.

■ If the board, during its executive session, permitted participation by persons other than members of the board and its secretary without at the same time permitting participation by petitioner, the hearing would not have been a

fair one. *See Chrobuck v. Snohomish County,* 78 Wn.2d 858, 884, 480 P.2d 489 (1971); *Smith v. Skagit County,* 75 Wn.2d 715, 453 P.2d 832 (1971).[1] However such cases, under the law then in effect, did not preclude the board itself from sitting in executive session with its secretary for the purpose of discussing the problems raised by the building inspector's permit and coming to a conclusion honestly believed by it to be appropriate. When the board meets under such circumstances, it has already had the benefit of the presentation of the interested parties. In executive session it seeks to evaluate the presentation and make a determination with internal staff assistance. We cannot say that such conduct is either unreasonable, arbitrary or capricious within the meaning of the Washington cases defining these terms. *See State ex rel. Kadow v. Board of Adjus., supra.*

■ Petitioner finally contends he was discriminated against when he was denied the permit he sought. He argues that permits had been granted to many of the licensed ham operators in the city of Everett, and that denial of a license denied him the equal protection of the law. There are two answers to that contention: First, the evidence fails to show that other licensed ham radio operators in Everett had been given permits to erect towers of a height exceeding 35 feet in an R-2 (residential) zone. Secondly, there is no showing that the Board of Adjustment had ever approved the issuance by a building inspector of a permit to erect a tower over 35 feet in height, or of the height sought by the petitioner, in an R-2 (residential) zone. The instant case represents the first challenge before the Board of Adjustment to the building inspector's interpretation of the meaning of the ordinance. We cannot hold that the Board of Adjustment loses its power to disagree with what it considers to be an erroneous interpretation of the ordinance by a building inspector merely because the building inspector, without challenge by any interested

---

[1]The law now provides that all meetings of a governing board or an agency shall be open to the public and all persons shall be permitted to attend any such meeting. Laws of 1971, 1st Ex. Sess., ch. 250, § 1.

party, has previously issued permits not authorized by the terms of the ordinance. Any other view would enable ordinances to be superseded by their violation.

The judgment is affirmed.

WILLIAMS and CALLOW, JJ., concur.