544 P.2d 258
William E. CARTER and Alice Carter,
husband and wife, Appellants,

v.

Charles CONROY, Clinton Conroy, E. W.
Kroenke and Clarence Williams,
Appellees.

No. 2 CA–CIV 1904.

Court of Appeals of Arizona,
Division 2.

Jan. 13, 1976.

Rehearing Denied Feb. 23, 1976.

Thomas L. Wing, Payson, for appellants.

Alan L. Slaughter, Payson, for appellees.

## OPINION

HATHAWAY, Judge.

Appellants were enjoined from maintaining a mobile home on their lots in Payson Ranchos, Unit 3, Payson, Arizona. In their appeal, they raise the following questions:

1. Is there a valid restriction barring trailers on lots 8 and 9 in Payson Ranchos Unit 3?

2. Is appellants' home a trailer?

3. Has there been such a change in the character of the neighborhood that the restrictions should no longer be enforced.

Appellants own lots 8 and 9. The restrictions set up two lot categories. The first, which covers both appellants' and appellees' lots, is called "single family residential lots." The other is called "single family residential lots or single family trailer lots." The property is subject to the following restrictions:

"1. Lots one thru forty-two (1–42), eighty-three thru one hundred sixty-three (83–163); one-hundred eighty thru two-hundred sixty three (180–263) shall be known as single family residential lots. Lots forty-three thru eighty-two (43–82) and Lots one-hundred sixty-four thru one-hundred seventy nine (164–179) shall be known as single family residential lots or single family trailer lots.

2. All structures on said lots shall be of new construction and no buildings shall be moved from any other location onto any of said lots, other than new pre-fabricated buildings.

3. On those specified lots known as single family residential lots or single family trailer lots, all permanent trailers shall be not less than thirty-five (35) feet in length. All other trailers shall be of the camper variety and not for permanent residential use.

4. On those specified lots known as single family residential lots, no garage or other building whatsoever or tent or tent-house shall be erected until a dwelling house shall have been erected or until a contract with a reliable and responsible contractor shall have been entered into for the construction of a dwelling which shall comply with the restrictions as herein contained. Prior to the erection or after the erection of such dwelling house, no garage or other outbuilding shall be used for residential purposes; provided, however, that this restriction shall not prevent the inclusion of guest or servant quarters in such garage or other outbuilding for the use of actual non-paying guests or for actual servants of the occupants of the main residential building, but no such quarters shall be rented or used for income purposes; provided that a trailer may be used for residential purposes on any of said lots for one period not to exceed ninety (90) days during which time the

owner of said lot may be engaged in the erection of a dwelling house upon such lot, which said trailer shall be removed upon the completion of said dwelling house or at the end of the said ninety (90) day period, whichever occurs first, and shall not be replaced on said lot."

Restriction 3, which sets the required trailer length, refers only to the second category, single family residential lots or single family trailer lots. It does not apply to appellants' lots. Restriction 4 applies to the first category, single family residential lots. That restriction states that trailers are permitted for 90 days while a house is being constructed or until completion, whichever is less. After that time period has run the trailer must be removed and may not be replaced.

█ When the language of a restrictive covenant is unclear, it should be construed in favor of the free use of land. *O'Malley v. Central Methodist Church,* 67 Ariz. 245, 194 P.2d 444 (1948). But when the meaning of the restriction is clear, as in the present case, and not contrary to law, the courts will enforce it. *Whitaker v. Holmes,* 74 Ariz. 30, 243 P.2d 462 (1952). Restrictions banning trailers are not contrary to law. We recognize the right to protect residential areas by such restrictions.

█ Appellants next contend that their home is no longer a trailer. The tongue and wheels were removed and the trailer was set on cement blocks. Appellants attached a septic tank and power and water lines. These changes, they claim, have transformed the trailer from personalty into realty.

Words in a restrictive covenant must be given their ordinary meaning. *Riley v. Stoves,* 22 Ariz.App. 223, 526 P.2d 747

(1974). There can be no doubt that a "trailer" under this covenant does not cease to be a trailer when it is attached to the land. *Jones v. Beiber,* 251 Iowa 969, 103 N.W.2d 364 (1960). What is sought to be controlled is the appearance of the neighborhood. We find that mobile homes were intended to be forbidden whether or not attached to the land.

█ Finally, appellants argue that the restriction against trailers should not be enforced because other covenants have been violated. Many owners, including some of the appellees, have erected chain link fences apparently violating a restriction. Also one house is closer to the property line than permitted. The fact that appellees may have violated some restrictions themselves does not preclude an injunction. *Riley v. Stoves,* supra. The Arizona Supreme Court in *Condos v. Home Development Co.,* 77 Ariz. 129, 267 P.2d 1069 (1954) stated that such covenants are separate and independent. The right to enforce one is not affected by violations of others.

█ Appellants cannot succeed without showing that the neighborhood has so changed from the time the restrictions were imposed as to make their enforcement inequitable.

These restrictions were filed May 2, 1967. Suit was brought six years later. The evidence showed no significant change in the area. It is entirely residential. There was no showing that violations of the fencing restriction changed the character of the neighborhood. We find no abuse of discretion in the issuance of the injunction.

The judgment is affirmed.

HOWARD, C. J., and KRUCKER, J., concur.