551 P.2d 60

**TOWN OF PARADISE VALLEY, a Munici-
pal Corporation, et al., Appellants,**

v.

**Carl L. LINDBERG, Appellee.**

**No. I CA–CIV 2899.**

Court of Appeals of Arizona,
Division 1,
Department C.

June 22, 1976.

Rehearing Denied July 27, 1976.

Review Denied Sept. 14, 1976.

Roger A. McKee, Town Atty., Town of Paradise Valley, Paradise Valley, for appellants.

Ben C. Pearson by Paul J. Prato, Phoenix, for appellee.

OPINION

NELSON, Judge.

This is an appeal by the Town of Paradise Valley, its Town Manager, Oscar A. Butt, and a town building inspector, Roy Jacobson, from an order of the Superior Court directing them to issue a building permit to Carl A. Lindberg, the appellee, for the erection of a ninety (90) foot amateur radio tower adjacent to his family residence in Paradise Valley. The facts as found by the trial court are not disputed.

Lindberg applied for a building permit on July 27, 1973 to construct a Tri-Ex Sky Needle Amateur Radio Tower on his property in Paradise Valley. The tower had an extended height of 90 feet and a nesting height of 28 feet. He owned three adjoining five acre lots zoned for "single-family dwellings and uses incidental or accessory thereto together with required recreational, religious and educational facilities". *Zoning Ordinance of Paradise Valley,* Article IV, Section 401. The tower was to be erected on the midddle five acre parcel, adjacent to his residence.

After being advised he would be required to obtain a special use permit, and after a series of negotiations and discussions, including the filing of the initial complaint in this lawsuit on September 19, 1973, Lindberg applied for a special use permit on March 8, 1974. The application was denied on May 9, 1974.

On May 30, 1974, Lindberg filed an amended complaint seeking mandatory relief in terms of an order directing the issuance of a building permit without the necessity of a special use permit, or in the alternative, an order directing the issuance of the special use permit, or a declaration that the Zoning Ordinance of the Town of Paradise Valley was improperly enacted.

After cross-motions for summary judgment were filed, the parties agreed to submit the matter to the court for decision on the merits, based upon the pleadings and exhibits stipulated into evidence, treating the memoranda in support of the motions for summary judgment as trial memoranda.

The court, on July 26, 1974, issued its judgment, together with findings of fact and conclusions of law, finding that a special use permit was not required for the construction of an amateur radio tower; that such a tower was an accessory use to the residence; that the height of 90 feet

was under the general 100 foot height limitation found in the Paradise Valley Zoning Ordinance; and that Lindberg was entitled to the issuance of a building permit. The matter was brought here by Notice of Appeal filed on August 8, 1974. We affirm the judgment of the trial court.

While the appellants have presented three questions for review here, the appellee does not challenge the correctness of their position on the initial question presented, nor do we view the trial court's findings of facts and conclusions of law as adopting a position inconsistent with appellants' position on that question. That first question refers to Section 1003 of the Zoning Ordinance of Paradise Valley which provides that "chimneys, spires, fire towers, and similar structures, where otherwise authorized under the provisions of this ordinance, may be erected to a height not exceeding 100 feet above the ruling grade." The Town argues that this section in and of itself does not authorize the erection of a radio tower up to 100 feet in height. We agree. It allows the erection of an otherwise authorized radio tower to a height not exceeding 100 feet. The remaining questions deal with just such authorizations.

We will first deal summarily with one issue. The Town urged below, as it does here, that the installation of an amateur radio tower was governed by Sections 850–853 of the Zoning Ordinance of the Town of Paradise Valley. A reading of those sections indicates they are exclusively applicable to public utilities who seek to erect new poles, lines or other transmission facilities above ground in Paradise Valley. Mr. Lindberg is not a public utility, nor do the appellants argue that he is. While the words "radio" and "transmission" do appear in these sections, it is obvious that they refer to commercial ventures, and an intent to apply them to the type of installation here sought cannot be read into these sections. Since the necessity of a special use permit depended upon the applicability of these sections, the court was clearly correct in his holding that Lindberg's amateur radio tower was not subject to the special use permit provisions of the Zoning Ordinance of the Town of Paradise Valley.

The primary question to be resolved here is whether the erection of an amateur radio tower in conjunction with a homeowner's hobby as a ham radio operator is an incidental or accessory use to the permitted use of the property, a single family dwelling. The trial court so found and we agree.

The applicable section of the Zoning Ordinance of the Town of Paradise Valley is Section 401, which says:

"The principal land use is single family dwellings and uses incidental or accessory thereto together with required recreational, religious and educational facilities."

The definitional section of the Zoning Ordinance of the Town of Paradise Valley, Section 201(67) and (68), provides additional guidance. "Use" is defined as "the purpose for which land or a building is occupied, maintained, arranged, designed, or intended". "Accessory use" is defined as "[a] subordinate use customarily incident to and conducted on the same lot with the principal use or building including bona fide servant quarters".

Generally zoning ordinances which provide for specific uses to which property may be put (single family residences here) also provide for additional uses which are usually denominated as "accessory" or "incidental" to the expressly permitted use. The word "customarily" (Section 201(68), supra) is commonly used in regulations permitting or defining accessory usages and the courts have sought to determine, in the case of each allegedly accessory or incidental usage, whether it is customary to maintain it in conjunction with the specifically permitted use of the land, here single family dwelling. See generally: 1 Anderson, *American Law of Zoning*, 631–632, § 8.26.

While there is a paucity of cases in Arizona on this question, nine decisions from other jurisdictions involve the erection of a radio tower on land zoned for residential purposes. Five of these decisions upheld the use as proper. *Village of St. Louis Park v. Casey,* 218 Minn. 394, 16 N.W.2d 459 (1944); *Wright v. Vogt,* 7 N.J. 1, 80 A.2d 108 (1951); *Appeal of Lord,* 368 Pa. 121, 81 A.2d 533 (1951); *Skinner v. Zoning Board of Adjustment,* 80 N.J.Super. 380, 193 A.2d 861 (1963); *Dettmar v. County Board of Zoning Appeals,* 28 Ohio Misc. 35, 273 N.E.2d 921 (1971). Four decisions found that the erection of the radio tower was an impermissible use. *Presnell v. Leslie,* 3 N.Y.2d 384, 165 N.Y.S.2d 488, 144 N.E.2d 381 (1957); *Kroeger v. Stahl,* 248 F.2d 121 (3rd Cir. 1957); *Hohmann v. Thomsen,* 32 A.D.2d 669, 300 N.Y.S.2d 781 (1969); *State ex rel. Carpenter v. City of Everett Board of Adjustment,* 7 Wash. App. 930, 503 P.2d 1141 (1972).

Of the four decisions opposing the use, two (*Hohmann* and *Kroeger*) involve the use of the amateur radio tower in a business or commercial enterprise. The Washington decision (*Carpenter*), in what we view as a rather strained construction of the facts, found the tower to be a "building" and thus governed by a 35 foot height limitation.

The only decision which actually holds that the erection of a ham radio tower is not an accessory use to a single family residence is *Presnell v. Leslie,* supra. In that decision, Judge Van Voorhis filed a dissent indicating that in light of the fact that there were 146,000 ham operators in 1957, it was unreasonable to hold that such a use was not an incidental or accessory use. While there are no figures in the record here, it is safe to assume that the number of amateur radio operators in the United States has grown tremendously in the almost 20 years since Judge Van Voorhis' observation.

In any event, even if all four opposing decisions had been exactly in point, we are convinced that the reasoning found in the decisions allowing such a use is more persuasive. In *Dettmar,* supra, there was a general height limitation regarding church spires, chimneys, flagpoles, cooling towers, etc., such as we have here (Section 1003, supra), as well as a section regarding accessory use. In reversing the County Board of Zoning Appeals' denial of an application to construct a 64 foot tower, the court's language is representative of the rationale of the other courts similarly ruling, supra, and is the view we adopt:

"Appellant is an amateur radio operator. This is a hobby through which the 'ham' operator gains skill in science, electronics and radio technique. It is carried on purely for the development of the individual and not for any financial gain. Family hobbies, recreation and education are without question accessory uses customarily incident to single family dwellings. The words 'uses customarily incident to single family dwellings' mean the class of activity a family customarily does in or about their home. It does not limit the use to the identical activity chosen by the neighbors. As long as the activity is a form of family hobby, recreation or education it is permissible even though it may be unusual unless it is specifically excluded by a zoning restriction. The fact that not many people have amateur radio antenna no more precludes this use than the fact that not many people have tennis courts precludes their use [in Arizona we could also add swimming pools]." *Dettmar v. County Board of Zoning Appeals,* supra, 273 N. E.2d at 922. (Bracketed material added)

The judgment of the trial court is affirmed.

HAIRE, C. J., and EUBANK, P. J., concur.