## No. 27477

**David A. Baysinger, William A. Bailey, Jr., James L. Dowd, Keith Farris, Melvin M. Rensberger, Steve Rapp, Darla P. Richardson, David W. Richardson, Marvin L. Richardson, Colorado Council of Amateur Radio Clubs, a non-profit corporation, on behalf of themselves and all others similarly situate v. City of Northglenn, a municipal corporation**

(575 P.2d 425)

Decided March 6, 1978.

Quiat, O'Fallon and Drake, Marshall Quiat, for plaintiffs-appellants.

Charles L. Sharp, Jr., City Attorney, City of Northglenn, for defendant-appellee.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

In 1975, the City of Northglenn amended Article 31 of its zoning ordinance to require the acquisition of a special use permit for "radio towers and antennas" through the enactment of Ordinance No. 403.[1] The appellants, amateur radio operators and enthusiasts, in a declaratory judgment proceeding, raised an issue as to the constitutionality of the ordinance and sought injunctive relief against its enforcement. Trial to the court resulted in a judgment upholding the ordinance as a reasonable exercise of the city's police power. We reverse.

A general principle of zoning law is that a court will apply a narrowing construction to zoning ordinances in an effort to uphold their

---

[1] *Northglenn Revised Municipal Code* 11-31-3(f) and 11-31-6(b).

validity. *See Bird v. City of Colorado Springs*, 176 Colo. 32, 489 P.2d 324 (1971). This principle, however, does not apply where construction of an overbroad ordinance would require the court to speculate as to the city's intent and to engage in judicial legislation.

The appellants correctly assert that Northglenn's ordinance must be declared void because it is overbroad. The ordinance applies not only to persons seeking to erect amateur radio towers and antennas, but also to all owners of television sets, AM-FM radios, and other devices whose operation requires the use of an antenna. Regardless of whether the erection of an amateur radio tower and antenna above a certain height is an accessory or specially permitted use in residential and commercial districts, it is not subject to serious debate that television and AM-FM radio antennas are such accessory uses. *Town of Paradise Valley v. Lindberg*, 27 Ariz. App. 70, 551 P.2d 60 (1976); *Presnell v. Leslie*, 3 N.Y.2d 384, 165 N.Y.S.2d 488, 144 N.E.2d 381 (1957); *Village of St. Louis Park v. Casey*, 218 Minn. 394, 16 N.W.2d 459 (1944).

Northglenn's ordinance improperly attempts to require the acquisition of special use permits for accessory uses and is, therefore, invalid as an unreasonable exercise of the city's police power. A municipality may, of course, adopt reasonable regulations with respect to the height of antennas.

Our disposition of the above issue makes it unnecessary to address the appellants' other allegations of error.

Accordingly, the judgment is reversed.

MR. JUSTICE LEE does not participate.