610 P.2d 75

David ADAMS, a married man; Peter Ma-
heu, a married man; Peter Hockings, a
married man; Charles Gruner, a married
man; Patricia C. Fairchild, a single
woman; William C. Krueger, a married
man, Plaintiffs/Appellees,

v.

Wayne LINDBERG and Karen Lindberg,
husband and wife,
Defendants/Appellants.

No. 2 CA–CIV 3421.

Court of Appeals of Arizona,
Division 2.

March 3, 1980.

Rehearing Denied April 9, 1980.

Review Denied April 29, 1980.

William F. McDonald, Tucson, for plain-
tiffs/appellees.

Little, Fisher, Brady, Bromley & Siegel,
P.C. by Robert Douglas Little and Barbara
E. Fisher, Tucson, for defendants/appel-
lants.

OPINION

RICHMOND, Judge.

Appellants contend that a covenant pro-
hibiting offensive activities in a residential
subdivision in the Tucson foothills is too
vague to support a judgment enjoining the
construction and use of overhead lights on a
tennis court. They also challenge the suffi-
ciency of the evidence and the propriety of
the trial judge's view of the premises, and
contend appellees had waived their right to
enforce the restrictions. We affirm the
judgment.

The covenant on which the trial court
relied is contained in the recorded Declara-

tion of Building and Use Restrictions for Casas Adobes Villas. It provides in part:

8. * * * No obnoxious or offensive activity shall be carried on or upon any lot nor shall anything be done, placed or stored thereon which may be or become an annoyance or nuisance to the neighborhood or occasion any noise or odor which will or might disturb the peace, quiet, comfort or serenity of the occupants of surrounding properties.

Appellants had installed four 24-foot galvanized steel poles at the corners of a tennis court in their backyard. The court was to be illuminated from each pole by two lights with a capacity of 1,000 watts per light. The poles were installed on a Friday and appellants received a letter from appellees' attorney the following Monday informing them that the light structures violated the building and use restrictions and demanding their immediate removal. Several of appellants' neighbors commenced this action 30 days later.

The trial court found:

In considering whether or not the lights for the tennis court are an offensive activity, the Court necessarily must consider the character of the neighborhood and the purpose of the restriction. This is a foothills neighborhood in which the owner's view of the City of Tucson in one direction, and the Santa Catalina Mountains in the other, is a part of their peace, quiet, comfort and serenity. The use of these lights at night would be and constitute an annoyance or nuisance to the neighborhood and the occupants of the surrounding property.

■ The finding is supported by the evidence, which is sufficient to resolve any ambiguity in the covenant as to the intent of the parties and purpose of the restriction. *See Riley v. Stoves*, 22 Ariz.App. 223, 526 P.2d 747 (1974). The court further found the restrictions are not vague and unclear, and that they gave reasonable notice to appellants. We agree. The covenant therefore is enforceable. *Tucson-North Town Home Apartments Homeowners' Assn. v. Robb*, 123 Ariz. 4, 596 P.2d 1176 (App.1979).

■ Over the objection of appellants' counsel, the trial judge granted appellees' request that he view the scene, stating that he would do so for the limited purpose of helping him to understand the evidence received in court and not as additional evidence. In contending that the judge abused his discretion, appellants rely on *First National Bank v. Clifton Armory Co.*, 14 Ariz. 360, 128 P. 810 (1912). That case holds that a constituent fact may not be determined by a view of the premises alone. The trial judge's statement demonstrates his awareness of that rule, and as indicated above there is ample evidence to support the judgment.

■ Violation of other restrictions by appellees did not preclude an injunction. *Carter v. Conroy*, 25 Ariz.App. 434, 544 P.2d 258 (1976). The declaration of restrictions contains an express non-waiver provision supporting the trial court's finding in that regard.

Our disposition makes it unnecessary to consider appellants' argument that they are entitled to attorney's fees for a wrongful injunction.

Affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.