737 P.2d 808

**REDINGTON RANCH ASSOCIATES, an Arizona Partnership; Redington Ranch Homeowners' Association, Inc., an Arizona non-profit homeowners' corporation, Plaintiffs/Appellants,**

v.

**Don L. REDMAN and Paula V. Redman, husband and wife, Defendants/Appellees.**

**PIMA COUNTY, Arizona; and Alex Garcia, Pima County Zoning Hearing Officer, Appellants,**

v.

**Don L. REDMAN and Paula V. Redman, husband and wife, Appellees.**

**Nos. 2 CA–CV 5997, SA 0467 and SA 0468.**

Court of Appeals of Arizona, Division 2, Department B.

March 12, 1987.

Reconsideration Denied April 6, 1987.

Review Denied May 12, 1987.

Leonard, Felker & Parrish by Clifford B. Altfeld and David J. Leonard, Tucson, for plaintiffs/appellants Redington Ranch Associates and Redington Ranch Homeowners' Ass'n.

Stephen D. Neely, Pima Co. Atty. by Peter E. Pearman, Tucson, for appellants Pima Co. and Alex Garcia, Pima County Zoning Hearing Officer.

S. Leonard Scheff, Tucson, for defendants/appellees Redman.

## OPINION

LIVERMORE, Presiding Judge.

In this consolidated case the county and the homeowners' association appeal from a ruling permitting defendant Don L. Redman to land his helicopter under certain conditions at his home located on a three-acre site near the Rincon Mountains. We affirm as to the homeowners' association but reverse as to the county.

The homeowners' association contends that Redman's use of his helicopter violates Article VI, Section 1 of the protective covenants governing the development in which Redman's lot is located. That section reads:

No lot or portion thereof shall be used in whole or in part for the storage or dumping of rubbish of any character

whatsoever, nor for the storage of any property or thing that will cause such lot to appear in an unclean or untidy condition or that will be obnoxious to the eye, nor shall any substance, thing or material be kept upon any lot that will emit foul or obnoxious odors, or that will cause any noise that will or might unreasonably disturb the peace, quiet, comfort or serenity of the occupants of surrounding property. No noxious or offensive activity shall be carried on upon any lot, nor shall anything be done thereon which may be, or may become an annoyance or nuisance to the neighborhood.

There is ample evidence to support the trial court's finding that Redman's helicopter, as used, does not violate this prohibition; there is little evidence in contradiction. In these circumstances, we must affirm. *Adams v. Lindberg*, 125 Ariz. 441, 610 P.2d 75 (App. 1980).[1]

The county's appeal raises much more difficult questions. Redman's helicopter is permissible if it is an "accessory use," defined by Pima County Zoning Code § 18.-03.020(A)(2) as "a use customarily incidental and subordinate to the principal use of a lot or building located upon the same lot or building site." Whether one views Redman's helicopter as a means of commuting or a form of recreation, its use is incidental to the primary use of the property as a homesite. However, if customary is defined as "common," the use of the helicopter is surely not customarily incidental to the ordinary use of a home. A common sense reading of the zoning code, therefore, would lead to the conclusion that Redman's use of the helicopter is a code violation.

The problem with this analysis is that many courts, perhaps influenced by the notion that it is no purpose of zoning to prohibit the unusual, have not treated "customarily" as involving commonness. See, e.g., *Town of Paradise Valley v. Lindberg*, 27 Ariz.App. 70, 551 P.2d 60 (1976)(90–foot ham radio tower); *State v. P.T. & L. Con-*

*struction Co. Inc.*, 77 N.J. 20, 389 A.2d 448 (1978)(business use of a helipad). Those courts have concluded that if the use is incidental, it is permissible. That, of course, reads the term "customarily" out of the zoning provision. But see *Gray v. Ward*, 74 Misc.2d 50, 343 N.Y.S.2d 749 (1973), aff'd., 44 A.D.2d 597, 354 N.Y.S.2d 591 (1974)(helipad on department store roof not customary).

We believe it appropriate to define "a customarily incidental use" in terms of the purposes of zoning generally. As stated in *Rubi v. 49'er Country Club Estates, Inc.*, 7 Ariz.App. 408, 411, 440 P.2d 44, 47 (1968), "The general purpose of zoning laws is to promote the general welfare by providing ... a means of strengthening the character of a particular area in terms of its use." See also 1 R. Anderson, American Law of Zoning § 7.01 (3d ed. 1986). Whether a new use that is incidental is permissible should turn on whether that use, when generalized, would have a deleterious impact on legitimate zoning objectives. See 3A N. Williams, American Planning Law § 74.16 (1985 rev.). If we were to hold that the Redman's helicopter was a customarily incidental use, we would be construing the code to allow all residences and businesses to use helicopters. The effect, in terms of noise, invasion of privacy, and potential safety hazards could be enormous. We conclude, therefore, that Redman's use of a helicopter is not permissible. The judgment of the trial court overturning the administrative finding of a zoning violation is reversed.

HOWARD and LACAGNINA, JJ., concur.

---

1. We do not reach the argument of the association that any zoning violation is a violation of the protective covenants. That argument was not clearly presented below, was not clearly raised on this appeal, and is not clearly supported by the language of the protective covenants themselves.